## Burton, et al. v. Cowles' Administratrix, et al.

(Decided November 25, 1913).

### Appeal from Shelby Circuit Court.

Land—Action for Deficit in Land—Warranty—Limitation.—In an action to recover for a deficit in land there being no covenant in the deed as to the quantity conveyed and the warranty only applying to title, the appellants had no writing signed containing the number of acres upon which to base their action, but were left to the implied assumpsit of appellees that they would refund the money received by them under a mistake, which was barred in five years from the discovery, and in no case extending beyond ten years.

J. C. BECKHAM & SON and E. B. BEARD for appellants.

P. J. BEARD for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This controversy originated from a deed of date March, 1902, by James P. Cowles and wife to J. B. Burton, Anna Bell Burton and James S. Burton conveying 211 acres, 3 rods and 92 1-4 poles at the price of $17,000.00. The deed is in the ordinary form, and closes as follows:

"Together with all and singular the appurtenances and with covenant of general warranty."

It appears from the petition that the appellants, Burtons, discovered for the first time in 1911, that there was not the amount of land contained in the deed as stipulated. They claim they had it surveyed during that year, and found that there were only 187 acres and a few poles instead of 211 acres and a few poles. They alleged that the Cowles, their vendors, warranted the number of acres contained in the deed, and sought a recovery for something over $3,000.00 for the deficit in the land. The answer denied the deficit, and the warranty as to the number of acres contained, and pleaded the statute of limitation. The appellants demurred to the paragraphs of the answer in which the statute of limitation was pleaded, and the court overruled the demurrer to appellees' answer. Appellants refused to plead further, and the court continued its judgment as follows:

"And it is thereupon ordered and adjudged that the said paragraphs contained a defense to the cause of action set up in the petition, and it is ordered and adjudged that the plaintiffs take nothing herein, and that the petition be and the same is hereby dismissed," to which the appellants objected and excepted.

Appellants claim that the cause of action was based on a warranty which runs for fifteen years. The appellees claim that the cause of action, if they had any, was based on fraud or mistake, or an implied promise on their part to repay to the appellants the amount of deficit in the land as soon as discovered, and that five years barred the right of action, or the action must be brought within five years after the discovery of mistake or fraud, and in no event have they a right to recover for fraud or mistake after ten years.

The warranty contained in the deed only applied to the title, and did not warrant the number of acres. See Kentucky Statutes, section 493, and the decisions referred to thereunder. In the case of Biggs, &c. v. L. & B. S. R. R. Co., 79 Ky., 470, one of the decisions referred

to, it is stated where the deed does not contain any warranty of quantity, an action to recover for a deficit does not arise from the breach of warranty, but is based on an implied assumpsit to refund money paid by mistake, and the action is barred in five years from the discovery of the mistake.  (In the case at bar it was stated in the deed that the purchase price of $17,000.00 was paid in cash).  Appellants' counsel refer to the cases of Holt, &c. v. Mynhier's Admx., &c., 29 Ky. L. R., 819, and Raley, Trustee, &c. v. Wathen, 7 Ky. L. R., 766, both cases deciding similar question.  In the Holt case, it is said:

"The deed contains the ordinary covenant of general warranty, and this additional covenant: 'The land hereby conveyed is in all six thousand and twenty-four acres and this is a sale by the acre at the rate of $5,000 for said quantity, and this sale is subject to survey at the option of the parties of the second part, but at their cost; and if it be made, and the land falls short of, or exceed, said six hundred and twenty-four acres, there is to be a corresponding reduction or increase of price at the rate above stated.' "

In that case it was ascertained by survey that there was over a thousand acres deficit, and an action was instituted to recover.  The lower court sustained demurrer to the petition, and on appeal it was reversed. The court in effect said, that the action was based on a covenant contained in above quotation, and that the statutes allowed fifteen years in which to bring an action. The action was not brought under the clause in the deed containing a general warranty as the lower court construed it, but was prosecuted on the covenant as stated.  There being no covenant in the deed at bar as to the quantity of land conveyed, and the warranty only applying to the title, the appellants had no writing signed by the appellees as in the Holt case upon which to base their action, but were left to the implied assumpsit of the appellees that they would refund the money received by them under a mistake, which was barred in five years from the discovery, and in no case extending beyond ten years. See case of Nave v. Price, 108 Ky., 105; Salyer v. Blessing, 151 Ky., 459.  Also sections 2515 and 2519 of the Kentucky Statutes.

.Judgment affirmed.