## Pond Creek Coal Company v. Runyon, Administratrix, et al.

(Decided March 23, 1923.)

### Appeal from Pike Circuit Court.

1. Appeal and Error—Payment to Avoid Cancellation of Deed is Not Voluntary.—Where the judgment provided that defendant should pay a stated sum to plaintiff, and, if he failed to do so, the deed to defendant should be canceled, the payment of the sum stated, in order to avoid the more drastic decree of cancellation, cannot be regarded as voluntary.

2. Appeal and Error—Involuntary Payment Required by Judgment Does Not Defeat Right to Appeal.—An involuntary payment by defendant under a judgment, to defeat the more drastic alternative of cancellation of his deed, does not defeat the right to appeal, since it does not render the question moot nor amount to a settlement or compromise.

3. Vendor and Purchaser—Option Stating Price Per Acre is Conclusive Sale was Not in Gross.—Where the option agreement under which the deed was subsequently executed stated the price to be paid per acre for the land, it showed conclusively that the sale was not by the tract without reference to the acreage, nor in gross, but by the acre, though the deed did not state the consideration by the acre.

4. Vendor and Purchaser—Purchaser in Sale by Acre Can Recover for Any Deficiency.—Where land is sold by the acre the purchaser is entitled to recoup from the vendor to the extent of any deficiency in the acreage, no matter how small, and equity will

not permit the collection of a note given as part of the pur-
chase price when the deficiency in the acreage at the contract
rate exceeds in value the amount of the note.

5. Mines and Minerals—Vendor of Coal Lands Held Not Entitled to
Rescind by Returning Consideration After Purchaser Made Valua-
ble Improvements.—Equity will not decree rescission of a con-
tract for the sale of land if parties cannot be placed in statu
quo or if it will work a hardship upon one without affording the
other relief that he could not obtain in an action at law, es-
pecially where the rescission is sought because of defect in
title or deficiency in quantity, in which case the purchaser may
elect to take a pro tanto performance, so that the vendor of coal
lands cannot rescind by returning the consideration paid after
the purchaser has made valuable improvements on the land,
though the deficiency in acreage to which vendor could convey
title exceeded the balance due on the purchase price.

6. Limitation of Actions—Recovery of Payment is Barred Five Years
After Mistake is Discovered.—A purchaser cannot recover the
amount of the purchase price representing a deficiency in acreage,
where the payment was made and the mistake in acreage dis-
covered more than five years before the claim was asserted,
since such claim arises from an implied promise to refund money
paid by mistake.

AUXIER, HARMON & FRANCIS for appellant.

J. C. CANTRELL and G. R. BLACKBURN, JR., for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Revers-
ing.

In August, 1911, Albert Runyon executed to G. C.
Kesterson, trustee, an option to purchase at $20.00 an
acre the coal and mining rights in some land on Pond
creek in Pike county. It was agreed that, in the event
Kesterson elected to exercise the option, he would pay
one-half of the purchase money at the time of election,
or "as soon thereafter as the title shall be examined and
accepted by the party of the second part, the parties of
the second part to furnish an accurate survey and com-
plete abstract of title to the land herein described, and
the remainder to be paid in one equal annual payments
with interest at 5% per annum, etc." The land con-
sisted of two tracts separately acquired. The option was
assigned to the Pond Creek Coal Company, the appel-
lant here, and two or three days before it expired Run-
yon and his wife, Geneva Runyon, deeded the coal and
mining rights in the land to appellant. Half of the con-
sideration of $4,156.00 was paid in cash, and a non-

negotiable note, dated February 10, 1912, and due one year after date, bearing interest at the rate of 5% per annum, was executed and delivered to Runyon for the balance. Before taking the deed it was discovered by a representative of appellant that Runyon's title to one of the tracts was questionable. Shortly after the deed was delivered Runyon instituted suit to quiet his title to that tract, but it was held in Runyon v. Hatfield, 154 Ky. 171, that he only owned a life estate in the land. He sold that interest later to Brit Bailey. It was also discovered shortly after the execution of the deed that the other tract of land, thought to contain 119.8 acres, contained only 90.78 acres. Runyon never attempted to collect the note of February 10, 1912. He died in 1915. In September, 1919, Geneva Runyon was appointed administratrix of his estate, and in October of that year filed this suit in the Pike circuit court against the Pond Creek Coal Company to recover a judgment on the note of February 10, 1912.

The coal company filed answer, set-off and counter-claim, admitting that it had purchased the land and had executed the note, but alleging that it had agreed to pay $20.00 an acre for the land and that Runyon had warranted the title to the two tracts; that one of the tracts supposed to contain 119.8 acres contained only 90.78 acres, and there was a deficiency of 29.02 acres for which it was entitled to a credit on the purchase price; and that Runyon was unable to convey title to the other tract containing about 80 acres, on account of which it should be credited with $1,760.00. It asked that these deficiencies be credited against the amount that it agreed to pay, and that it be given judgment for the balance in its favor of $262.40.

The administratrix denied that the sale was by the acre and alleged that the land was surveyed by appellant before the execution of the deed, and that Albert Runyon was induced to execute the deed, believing that he held good title to the two tracts and that they contained the number of acres stipulated in the deed, when in fact appellant knew that the title to one tract was defective and the other tract did not contain as many acres as were stated in the deed. She alleged that the sale was in gross, and that a part of the consideration therefor was the granting of certain rights to use the surface in mining operations. By another paragraph she pleaded the five years statute of limitation in bar of any

recovery for the alleged overpayment; and in still another pleaded fraud in the procurement of the deed, asking for its cancellation and offering to refund the money paid thereunder. These pleas were controverted, and an intervening petition was filed by some of the children of Albert Runyon, adopting the averments of the reply as their petition and praying for a rescission of the deed.

The chancellor cancelled the deed, rendered judgment against Geneva Runyon and the intervening petitioners for $2,078.00, with interest at the rate of six per cent. from February 10, 1912, adjudged a lien upon the 90.78 acre tract to secure the payment of that sum, cancelled the note sued on, and dismissed appellant's set-off and counterclaim, but provided that the judgment rescinding the deed should become ineffective if appellant paid to Geneva Runyon the sum of $2,078.00, with interest at the rate of five per cent. from February 10, 1912, within thirty days from the entering of the judgment. To all of this judgment the Pond Creek Coal Company excepted, and appellees excepted to so much of it as gave to the coal company the right to avoid a rescission of the deed by the payment of the note, with interest. Within thirty days the Pond Creek Coal Company paid to Geneva Runyon $2,078.00, with interest at the rate of five per cent. from February 10, 1912, taking her receipt therefor. It has appealed, and the administratrix and heirs of Albert Runyon have filed a cross-appeal.

Appellees have made a motion to dismiss the appeal on the ground that the Pond Creek Coal Company voluntarily paid the $2,078.00, with interest. It is contended that the payment defeated the rescission adjudged, and that one cannot appeal from a judgment after satisfying or accepting that part of it that is favorable to him. The defect in this argument is that the judgment must be considered in its entirety, and, so considered, it is not favorable but adverse to appellant. That it granted appellees either of two kinds of relief to be determined by the subsequent action of appellant does not affect the question. The requirement that the coal company pay $2,078.00 to defeat a cancellation of the deed was a part of the judgment and was, for all practical purposes, equivalent to entering a judgment against the coal company for that sum in lieu of the judgment of cancellation. The payment was made in obedience to a part of the judgment that appellant was bound to perform in order

to abate the more drastic decree of cancellation. The performance, therefore, cannot be regarded as voluntary. If it was not voluntary, the right to an appeal exists. The authorities cited by appellee do not hold to the contrary. They pertain to the occurrence of an event pending an appeal that makes the question a moot one or its determination unnecessary, or which would render any judgment that might be pronounced ineffectual. Nor is this question controlled by the rule which denies an appeal from a judgment that has been settled or compromised. It is governed by the principles announced in N. C. & St. L. Ry. Co. v. Bean's Exr., 128 Ky. 758, and the authorities there cited. It results that the motion to dismiss the appeal must be overruled.

On the merits of the case, the first question is whether appellant was entitled to set off the deficit in acreage at the rate of $20.00 an acre against the note sued on. The deed from Albert Runyon to the Pond Creek Coal Company does not indicate that the purchase price was $20.00 an acre, but it is shown without contradiction that the deed was executed pursuant to an option wherein the price was so stated. This fact seems to us to show conclusively that the sale was not by the tract without reference to the acreage nor in gross, but by the acre. It has uniformly been held by this court that where land is sold by the acre the vendee is entitled to recoup from the vendor to the extent of any deficiency in the acreage, no matter how small. Harrison v. Talbott, 2 Dana 258; Morris, etc. v. McDonald, 196 Ky. 721. In view of this principle, equity will not permit a vendee to collect a note given as a part of the purchase price when it is shown that the deficiency in acreage at the contract rate exceeds in value the amount of the note. That is the case here, and consequently it was proper to cancel the note.

It is insisted, however, that, notwithstanding appellant's right to recoupment for the deficiency in the acreage, appellees were entitled to a cancellation of the deed upon the surrendering of the note and the repayment of the money that had been paid, with interest. It is in evidence that appellant has never claimed any right to the land in which Runyon was adjudged to have only a life estate, and, as we have remarked, Runyon never attempted to collect the note in question nor sought to avoid the contract of sale. Besides, he sold his interest in that land to another. It appears that appellant has built some tracks and placed equipment on the

land to which Runyon held title. These improvements were made at considerable expense. The appellees have apparently acquiesced in the expenditures. One of the elementary principles of equity jurisprudence is that a rescission of a contract will not be decreed if the parties cannot be placed *in statu quo,* or if it will work a hardship upon one of the parties without affording the other relief that he could not obtain in an action at law. Morris, etc. v. McDonald, 196 Ky. 721. This is particularly true as to a vendor who seeks a rescission because of defect in title or deficiency in quantity, for the vendee may elect to take a *pro tanto* performance. Williston on Contracts, vol. 2, page 1379; Preece v. Wolford, 196 Ky. 710. Under these authorities it is apparent that the judgment of rescission is erroneous.

The payment of $2,078.00 with interest from February 10, 1912, was necessary to avoid the rescission of the deed. Having seen that that part of the judgment was erroneous, and that there was a deficit in the acreage warranted by Albert Runyon which, at the rate of $20.00 an acre, amounted to more than the face value of the note of February 10, 1912, it follows that the order requiring appellant to pay $2,078.00, with interest from February 10, 1912, in order to render the judgment of cancellation ineffective was likewise erroneous.

Appellant was not entitled to a judgment on its counterclaim of $262.40. That claim arises from an implied promise on the part of the payee to refund money paid by mistake. Bigg, etc. v. Lexington & Big Sandy R. R. Co., 79 Ky. 470; Nave v. Price, 108 Ky. 105. The evidence tends to show that the payment was made and the mistake discovered more than five years before the claim was asserted, and consequently appellees' plea of limitation as to that claim is good. Morris v. McDonald, *supra.*

The judgment is reversed and the cause remanded for proceedings consistent with this opinion.