## Swift Coal & Timber Company v. Shepherd, et al.

(Decided May 4, 1923.)

### Appeal from Perry Circuit Court.

1. Contracts—Contract of Sale Held not Unilateral.—A contract whereby defendant and his wife agreed to convey the land to plaintiff's assignor, the acreage to be determined by a surveyor and abstract to be furnished showing title, with a provision that, if the vendors failed to tender surveys and abstracts, the purchaser should have a fixed period at his election to have the surveys and abstracts made, obligated the purchaser to accept the conveyance and pay therefor, if the vendors furnished the survey and ab-stract and tendered a warranty deed, so that it was not unilateral.

2. Vendor and Purchaser—Mental Incapacity Must Render Vendor Incapable of Understanding Transaction and of Protecting His Interests.—To defeat a contract for the sale of land on the ground of mental incapacity of the vendor, it is not enough to show that the vendor's powers were impaired by age or disease, but it must appear that his mental infirmity was such as to render him in-capable of understanding the transaction and protecting his in-terests in consummating it.

3. Vendor and Purchaser—Evidence Held not to Show Incapacity of Vendor.—Evidence that vendor was more than 80 years of age,

that he had lost interest in business affairs since the death of his son, and that the land at the time of suit was worth more than the contract price, held insufficient to show mental incapacity, where there was no evidence that he was incapable of entering into the contract, and it was shown the price was fair at the time the contract was made.

4. Specific Performance—Judgment Cannot be Rendered Against De-. faulting Defendant Who Was Not a Party to the Contract.—Where a suit for specific performance was brought against the owner of an undivided half interest in the land, who had contracted to convey it, and also against his children, who together owned the other undivided half interest and who were not parties to the contract, it was not error to refuse to render a judgment against one of the children who defaulted, since as to him the petition stated no cause of action.

WOOTTON, REEVES & WOOTTON and BAILEY P. WOOTTON for appellant.

E. E. HOGG, J. E. JOHNSON and F. J. EVERSOLE for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

This action was instituted by appellant in the Perry circuit court to compel the execution of a contract for the sale of land. The land was originally owned by Jasper Shepherd. He died intestate in 1901 or 1902, and the land passed to his parents, William G. Shepherd and Sarah Shepherd, as his only heirs at law. Shortly after the death of Jasper the father and mother divided the lands that they had received from him into five equal parts and conveyed the land in controversy, consisting of 100 acres, to their son-in-law, O. G. Holcomb, and the other parts to four other sons-in-law. Later they instituted suit in the Perry circuit court to cancel all of the deeds, on the ground of lack of capacity to execute them. Judgment was rendered in that case, setting aside the deeds as to Sarah Shepherd. The deed to O. G. Holcomb was set aside as to both William G. and Sarah Shepherd, but the petition of William G. Shepherd was dismissed as to the other four deeds. Shepherd v. Turner, 97 S. W. 41. After the rendition of the judgment Sarah Shepherd died intestate, leaving six children, and thereafter William G. Shepherd married his present wife, Fereby. On March 12, 1920, he and Fereby executed a contract for the sale of the 100-acre tract to Leland H. Moss. That contract was assigned to appel-

lant, Swift Coal and Timber Company, which instituted this suit for the specific performance of it, making the children of William G. Shepherd by his former wife parties defendant.

Shepherd defended the action on the ground that the contract was unilateral, and also because, as he alleged, at the time it was executed he was incapable of understanding the nature and consequences of his act. The chancellor sustained the defenses and rendered judgment dismissing the petition, to reverse which this appeal has been prosecuted.

It will be seen from the foregoing that the land in controversy was conveyed to O. G. Holcomb, but the deed of conveyance was set aside, resulting in the reversion of title to the grantors; that Sarah Shepherd died intestate, and each of her six children inherited one-sixth of a half interest in the land; and that William G. Shepherd was the owner of the other one-half interest on March 12, 1910, when the contract in controversy was made.

The first question to be determined is whether the contract is unilateral. By its terms Shepherd and his wife agreed to convey the land to Leland H. Moss at $10.00 an acre, the number of acres to be determined by actual survey made under the direction of a competent engineer at Moss's expense, to furnish a complete abstract showing title in them, and to convey or tender to the purchaser a deed containing covenants of general warranty. They further agreed that, should they fail to tender surveys and abstract within twelve months, the purchaser should have ninety days thereafter in which to examine title and have the surveys and abstract made, with the view of effecting at his election the conveyance of the property. It is said that the contract is lacking in mutuality in that the purchaser is not bound by it, but may at his option proceed with or abandon it. That is not our view of its effect; for it was not left to the election of the purchaser to carry out or abandon the contract, but by every fair construction of its terms he was bound to accept a conveyance of the land and pay for it at $10.00 an acre upon the grantors' furnishing a survey with abstract showing title in them, and tendering to him a general warranty deed. The parties assumed corresponding obligations, and the contract is clearly enforceable. Golden v. Cornett, etc., 154 Ky. 438; Preece, etc. v. Wolford, etc., 196 Ky. 710.

The second contention, as we have seen, pertains to the finding that William G. Shepherd was incapable of making a valid contract on March 12, 1910. He was over eighty years of age at that time. Aside from the inferences to be drawn from his extreme age there is little, if any, evidence tending to show lack of contractual capacity. The general rule is that a deed or writing will not be annulled because of the incapacity of one of the signatories unless it appear that he was laboring under such degree of mental infirmity as to make him incapable of understanding the nature of his act. It is not enough to show that his powers were impaired by age or disease, but it must be shown that his mental infirmity was such as to render him incapable of understanding the transaction and protecting his interest in consummating it. 4 R. C. L. 503; Lassiter v. Lassiter, 23 Ky. Law Rep. 481; Gilmore & Co. v. Samuels & Co., 135 Ky. 706.

There is, as we have observed, no evidence in this case, unless it be that of the extreme age of William G. Shepherd, that tends to show that he was incapable of entering into the contract. He was a man of sound judgment, and, so far as it can be ascertained from this record, he still retains his mental vigor. That he was saddened by the death of his son, Jasper, and that his interest in business affairs thereafter waned, do not indicate mental infirmity. Lack of diligence in prosecuting business does not mean inability to understand the consequences of a transaction. Nor does the value of the land at this time affect the question, for when the contract was made the consideration was fair, and neither Moss nor Shepherd was cognizant of the likelihood of developments that would effectuate an increase in the value of the property. The inquiry must be confined to the contractual capacity of the grantor when making the contract. On that question the evidence sustains appellant.

It is further insisted that the judgment should have required a conveyance of Andrew Shepherd's interest in the land, on the theory that he was made a party defendant, and, not having filed answer, appellant was entitled to a specific performance of the contract as to his interest. Andrew Shepherd was not a party to the contract, and he has no interest in the land except such as he derived from his mother, that being a one-sixth of half of it. It cannot be claimed that appellant is entitled to any part of the half interest of Sarah Shepherd's heirs. The

suit is based on the contract executed by William G. Shepherd and his wife, Fereby, and, as Andrew Shepherd was not a party to the contract, it is apparent that no cause of action was stated against him. Necessarily there could be no judgment for specific performance as to the interest he acquired through his mother.

From what has been said it will be seen that it was error to deny a specific performance of the contract as to the half interest owned by William G. Shepherd and his wife, Fereby, on March 12, 1910. For that reason the judgment is reversed and the cause remanded for further proceedings.