## Cook v. McKee.

(Decided June 17, 1930.)

2

LESLIE W. MORRIS for appellant.

POLK SOUTH, Jr., for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Reversing.

On September 3, 1928, the appellee, John J. McKee, conveyed to appellant, William R. Cook, a tract of land at the edge of the city of Frankfort between the Kentucky river and the Lawrenceburg pike. The description was by boundary and no acreage mentioned. The consideration stated was $1 cash and the conveyance by the grantee of a certain one-acre tract with improvements. This deed was made pursuant to a contract between the parties of September 1, 1928, which described the property to be conveyed as being appellee's "tract of land approximately 21½ acres located on the Lawrenceburg pike just outside the city limits of Frankfort, Kentucky, and adjoining the property of the city waterworks." The consideration stated was the one acre mentioned with improvements, of the agreed value of $3,000, and $4,750 cash, a total of $7,750.

Appellant sued appellee for $2,326.76, the alleged value of a deficit of 6.455 acres in the land conveyed him; it being charged that the tract contained only 15.045 acres. Because of the irregular shape of the parcel and the meanderings of the river, considerable difficulty was encountered by engineers in calculating the exact acreage. Thus the engineer employed by the plaintiff testified three times on this trial and gave three different figures. His last calculations, made upon a more accurate survey showed there were 18.04 acres in the parcel. A surveyor introduced by appellee, using the other surveyor's calls, calculated the acreage to be 19.635 plus. .51, covering one-half of the highway, or a total of 20.202 acres. Another engineer calculated it to be 19.692 not including the road.

We agree with the finding of the chancellor that there was between the exact acreage and that stated in the contract perhaps a bare excess of 10 per cent., the amount of deficiency ordinarily recognized as sufficient to justify an adjustment.

It is insisted by appellee that it was not contemplated that appellant should receive any specific number of acres and that he bought the tract as a boundary without regard to acreage. Appellant Cook lived near by and had known the place and its boundary for thirty years. He says he never represented the parcel to contain 21½ acres, although he may at some time in the past have made such a statement to Cook. McKee undoubtedly considered that he had that much land in the parcel, for his deed called for it. Scott, the real estate agent who brought about the trade, testified that 21½ acres was inserted in the contract, written by himself, for identification, but he never indicated that purpose to Cook. On the other hand, Cook testified that upon numerous occasions McKee had told him that his place contained 21½ acres and that Scott, more than once during the negotiations, represented the acreage to be that. Scott says he has no recollection of mentioning the number of acres to Cook until after the trade was made. But it is contained in the written contract, and, when the deed had been prepared by Scott and read over to Cook, who was unable to read it, he noticed that it omitted reference to the number of acres and called attention to the omission. Scott does not deny that in response he said, "No, but Mr. McKee says it is in there," and that he wrote on Cook's check at his request, "for balance of 21½ acres," and read that over to him.

We do not consider under the circumstances that there was such a merger of the contract and deed as to relieve the grantor of the representations in the former that there were 21½ acres in the parcel. The facts are different from those presented in Riner v. Catron, 230 Ky. 290, 19 S. W. (2d) 970. It is clear that the grantee was relying on the representation contained in the contract by his insistence in having the acreage written on his check, which he no doubt considered to be a receipt for payment for that number of acres of land.

In Caudill v. Bernheim, 194 Ky. 368, 238 S. W. 1041, 1043, an option to sell a tract of "640 acres, more or less," was accepted. The deed subsequently executed merely described the land in a general way and did not specify the number of acres being conveyed. Said the court with respect thereto:

"That being true, there was no conflict between the deed itself and the representations as to quantity

·theretofore made, and the acceptance of the deed did not preclude Bernheim from relying upon mistake in the quantity.''

In Pond Creek Coal Co. v. Runyon, et al., 199 Ky. 539, 251 S. W. 841, 843, there had been a contract calling for a consideration of $20 per acre, but there was no such reference in the deed made pursuant thereto. The instruments were considered together, and it was held that the recitation in the contract was sufficient justification for the conclusion that the sale of the land was by the acre. See also, Morris v. McDonald, 196 Ky. 719, 245 S. W. 903.

After careful consideration of the evidence, we conclude that the transaction cannot be classed, as appellee contends, either as a sale or exchange of the tract without regard to acreage, or as a similar sale with the number of acres stated only for the purpose of description and under such circumstances as to show that the parties intended to risk the contingency of quantity. It is rather to be brought within the rule of a sale in gross where the parties did not intend to risk more than a reasonable difference. That reasonable difference is held to be as much as or more than 10 per cent., and where it is shown to exist, recovery for the value is allowed on the ground of implied contract to repay money paid by mistake. Hunter v. Keightley, 184 Ky. 835, 213 S. W. 201; Morris v. McDonald, and other cases, supra.

About the middle of October, following the execution of the deed on September 3, 1928, the appellant learned that the parcel of land did not contain 21½ acres and made complaint to the appellee concerning it. Appellee offered to ''rue back'' by exchanging reconveyances and paying back the cash consideration. He did not, however, offer to refund commissions which appellant had paid the real estate agent nor restore him to his exact status before the deal was consummated. On October 26th, he gave appellant written notice in which he referred to the verbal offers to rescind, and thus summarized his offer: ''In other words, I will restore you to the position we were in before we traded.'' It appears that appellant has been given possession of the property some two weeks before, and on the morning of the day this notice was delivered to him he had had a portion of the roof of the dwelling removed preparatory to putting on a new roof, and had made arrangements for other

work to proceed; the material being on the ground. He had also in the meantime contracted for the purchase of 11 acres of land adjoining to be used in connection with this property, and had canceled insurance on his former place and taken out a policy on the one acquired from McKee. During the taking of depositions McKee again offered to rescind and tendered a deed of reconveyance and $4,750, but at no time was there a specific offer to reimburse appellant for the expenses which he had incurred. Cook, on the other hand, testified that he had asked McKee if he would refund the sum which he had paid Scott and he had refused to do so. The rule of rescission in such cases is thus stated in Pond Creek Coal Co. v. Runyon, supra:

> "One of the elementary principles of equity jurisprudence is that a rescission of a contract will not be decreed if the parties cannot be placed in statu quo, or if it will work a hardship upon one of the parties without affording the other relief that he could not obtain in an action at law. Morris, etc., v. McDonald, 196 Ky. 721, 245 S. W. 903. This is particularly true as to a vendor who seeks a rescission because of defect in title or deficiency in quantity, for the vendee may elect to take a pro tanto performance. Williston on Contracts, vol. 2, p. 1379; Preece v. Wolford, 196 Ky. 710, 246 S. W. 27."

Under the circumstances of this case, the court concludes that the appellant was not obliged to accept the offers of rescission and that he is entitled to judgment.

The judgment is reversed, with directions to enter one for the appellant on the basis of deficiency of 10 per cent. in the land conveyed.