### Harlan et al. v. Buckley.

(Decided Dec. 11, 1936.)

RICHARDSON & REDFORD and C. B. LATIMER for appellants.
C. C. WILSON and B. F. DENHAM for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

Bert Harlan et al. have appealed from a judgment for $755.50, with interest from February 26, 1927, for shortage in a tract of land recovered by B. E. Buckley, Harlan's vendee.

### The Facts Are These.

On October 27, 1924, W. A. Lynn and wife conveyed by deed of general warranty to Bert Harlan a tract of land described by metes and bounds, which description closed with these words: "Containing 152 acres, 2 rods and 35 1-2 poles, more or less."

The consideration was $6,000, represented by eight notes meticulously described and followed by these words:

"All of said indebtedness evidenced by series of notes of even date herewith, due and payable to the order of Farmers National Bank of Glasgow, Kentucky, on or before the said dates, as hereinbefore stated, bearing interest at the rate of six per cent from the 1st day of January, 1925."

On February 26, 1927, Buckley and Harlan exchanged farms, Buckley conveying to Harlan 65 acres of land valued at $3,500 and agreeing to pay him $2,500 to boot for this supposed 152-acre tract which they valued at $6,000, and Bert Harlan and wife conveyed by deed of general warranty this same land by this same description to B. E. Buckley and the expressed consideration was:

"In consideration of the sum of $1.00 and other valuable consideration cash in hand paid the receipt of which is hereby acknowledged, and the further consideration in the sum of $2,500.00 evidenced by note of even date herewith payable to the order of the Farmers National Bank of Glasgow, Kentucky, due and payable one year after date and bearing interest at the rate of 6 per cent from date until paid."

In the fall of 1933 Mr. Buckley was endeavoring to obtain a loan on this land from the Federal Land Bank, and in the course of the examination of the title, it had the land surveyed in November, 1933, by which survey it was disclosed there was a shortage of 21 acres, 2 rods, and 35 1-2 poles, and that tract in truth contained but 131 acres, more or less.

The principal errors in the former survey is that the fifth line is given as N. 50 E. 91 1-3 poles, when in fact it should be N. 50 E. 73 poles, and the twelfth line is given as N. 18 1-4 E. 19 1-2 poles, when in fact it should be N. 18 1-2 W. 19 1-2 poles. Both surveyors measured the same tract of land, and the difference is the result of the errors made by the former surveyor in noting the measurements which he made.

When he learned this, Buckley, on December 21, 1933, instituted this suit against Harlan to recover for the shortage. Harlan filed a pleading traversing Buckley's petition and asserting a cross-action against Lynn, from whom he had purchased.

Since the issue between Harlan and Lynn has not been tried, we are not interested in that branch of the case.

This was a sale in gross, and while in many states recovery for a deficiency in acreage could not be had, the extent of this deficiency is sufficient to authorize a recovery in Kentucky. 66 C. J. 1017, sec. 756, note 19. 66 C. J. 1485, sec. 1576, note 20. In both of which notes numerous Kentucky cases are cited. See 18 Ky. Digest, Vendor and Purchaser, sec. 176; Id., sec. 334 (7) and sec. 343(2).

In his answer as amended, Harlan, in addition to traverses and other defenses said this:

"These defendants state that at the time said trade

was made said deed was made transferring the property of the plaintiff to the defendant, Bert Harlan, and the deed executed transferring the property of the defendants, Bert Harlan and Montie Harlan to the plaintiff; that the transaction was settled as between the defendants, Bert Harlan and Monte Harlan and the plaintiff; that the entire consideration was then and there paid."

He then alleged the cause of action had matured more than five years before this action was commenced and pleaded the five-year statute of limitations. Sec. 2515, Ky. Stats.

In reply plaintiff denied all this and further said:

"The plaintiff states that as shown by the deed from W. A. Lynn to Bert Harlan that the consideration for said tract of land was $6,000.00; that no part of said consideration was paid at said time and that a lien was retained in said deed to secure the payment of the purchase money that the last of said notes did not mature until the 1st day of January, 1933, and that in reality the payment of this lien was not finally made until February, 1934. He states that at the time he purchased said land from the defendant Harlan that he assumed the payment of $2500.00 of the original purchase money in the deed as shown in the deed from Lynn to Harlan and that the final payment on said lien was not made until in February, 1934."

### The Real Issue.

This brings us to the real question in this case, which is, When, as between Buckley and Harlan, was this consideration of $2,500 finally paid? The answer is February 26, 1927. There was a complete novation made on that day. Previous to that day Harlan owed the Farmers National Bank a balance on the notes he had executed to it when Lynn conveyed this land to Harlan. At the close of February 26, 1927, that debt was paid so far as Harlan was concerned, the bank had a new debtor, Buckley, and its old lien was represented by a new obligation—Buckley's $2,500 note. It makes no difference when Buckley finally paid the $2,500 to the bank, he finished paying Harlan February 26, 1927. Buckley so understood it, as will appear from this which is taken from his testimony:

"Now, Mr. Buckley, when do you say this deed was made? February 26, 1927. After the deed was made, did Mr. Harlan owe you anything? No sir. Did you owe him anything? No. sir. As far as you two are concerned, the deal ended? February 26, 1927."

Buckley's cause of action accrued then February 26, 1927. This is true, not because the deed was made that day, but because the money was paid that day so far as Buckley and Harlan are concerned. Buckley's cause of action is based on an implied promise of Harlan to repay the money paid by mistake and it accrues when the money is paid. Nave v. Price, 108 Ky. 105, 55 S. W. 882, 21 Ky. Law Rep. 1538; Morris v. McDonald, 196 Ky. 716, 245 S. W. 903; Jordan v. Howard, 246 Ky. 142, 54 S. W. (2d) 613. See also 66 C. J., p. 1517, sec. 1616, note 34(b) and note 35. Buckley could have sued February 26, 1927. Limitations never run against a man unless he can put a stop to it, but, when he can put a stop to it and does not, limitations continue to run.

### Was Suit Begun in Time?

We have just seen that Buckley could have sued February 26, 1927, yet he did not sue until December 21, 1933, which was 6 years, 9 months, and 24 days after his cause of action accrued.

In Dye v. Holland, 67 Ky (4 Bush) 635, a case similer to this one, we said:

"The correct rule for applying the statute of limitations in cases like this, which is five years, seems to be, that the statute shall run from the discovery of the mistake, or from such time as, by the exercise of ordinary diligence, it ought to have been discovered by the plaintiff. * * * He could easily have solved any doubt as to the quantity of the tract by having it surveyed. This he failed to do. * * * In our opinion, he ought, with ordinary diligence, to have discovered it more than five years before he brought this suit, and the action was, therefore, barred by limitation."

We have since persistently, consistently, and insistently adhered to that rule. Nave v. Price, 108 Ky. 105, 55 S. W. 882, 21 Ky. Law Rep. 1538; Gragg v. Levi, 183 Ky. 182, 208 S. W. 813; Holt v. Mynhier's Adm'x, 96 S. W. 477, 29 Ky. Law Rep. 819; Burton v. Cowles' Adm'x,

156 Ky. 100, 160 S. W. 782; Morris v. McDonald, 196 Ky. 716, 245 S. W. 903; Jordan v. Howard, 246 Ky. 142, 54 S. W. (2d) 613.

Judgment reversed. The petition shall be dismissed.