## Marcum, County Judge, et al. v. Robinson.

June 23, 1939.

Sanders E. Clay, Special Judge.

Roy W. House and Bert T. Combs for appellants.

A. T. W. Manning,.and T. T. Burchell for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellee, R. C. Robinson, filed a petition in equity against the appellants, T. R. Marcum, County Judge of Clay County, and the members of the Fiscal Court of Clay County, and also the clerk and the treasurer of Clay County and the First National Bank of Manchester, in which he alleged that Clay County was indebted to him in the amount of $1230 for services rendered as circuit court reporter. He alleged also that the defendants had failed and refused to pay the claims. He asked that the fiscal court be required and compelled by mandatory orders to allow his claims. It was also alleged that the revenues of the county were being expended in the payment of claims other than current governmental purposes which were held by favored individuals.

On May 4, 1937, the parties named as defendants filed a joint answer in which they denied specifically certain allegations in Robinson's petition and in which they admitted others. They denied that the sums due Robinson as court reporter, when estimated and calculated according to the statutory fees, would amount to more than 75% of his claims. The answer also set forth that the claims of Robinson had been incurred during the year 1936-37; that the budget for that year made provision for the payment of court reporter services; and that the amount sued for by Robinson was over and above the sum provided in the budget for such services. It was set forth further that Clay County had many outstanding debts which it was unable to pay, and that there was neither present nor anticipated revenue sufficient to pay the old debts and at the same time provide for current governmental expenses.

On May 4th, a special judge, entered the following order, the regular judge, who was the father-in-law of Robinson, having declined to sit in the case:

"The plaintiff having filed his general demurrer to the joint answer of the defendants herein and the court having considered said demurrer and be-

ing advised overrules the same, to which ruling of the court the plaintiff, R. C. Robinson objects and excepts.

"The Court on its own motion ordered the Fiscal Court of Clay County and its Budget Commission to include in its Budget in the year 1937 the item sued on herein and further ordered the Fiscal Court to pay said indebtedness out of said funds specifically mentioned in Budget for said purpose to the plaintiff herein, and the case is now continued for further orders, to which ruling of the Court both plaintiff and defendants object and except, and both pray an appeal to the Court of Appeals which is granted. The Court declined to act upon the special and general demurrer filed by the defendants to the plaintiff's petition. To which ruling of the Court the defendants object and except."

It can be seen from the foregoing order that the trial judge overruled the appellee's demurrer to the answer. This action had the effect of deciding that the answer stated a good defense. It is our view that this demurrer was properly overruled. Nothwithstanding this, however, the trial judge directed that the fiscal court and its budget commission, which commission was not made a party to the suit, include in its budget for the year 1937 the item sued on, and further ordered the fiscal court to pay the said indebtedness to Robinson out of the funds specifically mentioned in the budget for such purposes.

The appellants and the other parties who were made defendants below denied that Robinson was entitled to the sum of $1230 for his services, thereby making an issue on that question. They also alleged that all of the money budgeted for court reporting services in the year 1936-37 had been expended and that Robinson's claim was for an amount over and above the amount budgeted, and also that Clay County had many outstanding debts and that there was not sufficient money on hand, nor was the anticipated revenue sufficient to pay the old debts and at the same time provide for current governmental expenses. See Sections 1851c-1 to 1851c-11 of the Statutes, and Landrum v. Ingram, County Judge, 274 Ky. 736, 120 S. W. (2d) 393. We think that the appellants were entitled to a hearing on both of these questions.

Subsequent proceedings in the Clay Circuit Court accounted for this Court's decision in the contempt proceeding reported in Marcum v. Commonwealth, 272 Ky. 1, 113 S. W. (2d) 462, 464. In that case it was said:

"The question presented upon this record, set out with some detail, supra, is whether or not the court had authority to enforce its judicial orders. Even conceding arguendo that any of the orders or rulings of the court hereinabove shown made were either irregularly or prematurely made, it nonetheless conclusively appears that the trial court making the complained of orders yet had jurisdiction of both the subject-matter and the parties to the action before it.

"Further, it may be conceded that such being the case, the court was clothed with ample authority to enforce its judicial orders made against the parties in the trial of the case and to impose its sanction or punishment upon those acting in defiance or disobedience of its orders, as for their contempt of court."

On motion of the appellants this appeal is being prosecuted on the record filed in the case of Marcum v. Commonwealth, supra.

It appears from the appellee's motion to dismiss the appeal on the ground that the amount sued for has been paid in full and the appellants' response to that motion that the money was paid by the appellants under protest, and that it was paid because they had been held in contempt of court and were threatened with imprisonment for continuing contempt if the money was not paid to the appellee. Under the circumstances, we are disposed to, and do, overrule the appellee's motion to dismiss the appeal. The involuntary payment by the appellee to the appellants is not a bar to their appeal. In the case of Pond Creek Coal Company v. Runyon, 199 Ky. 539, 251 S. W. 841, there was an involuntary payment under a judgment to defeat the more drastic alternative of having a deed canceled. In that case it was held that, since the payment was not voluntary, the right to an appeal existed.

Wherefore, for the reasons given herein, we conclude that the judgment entered by the special judge on May 4, 1937, should be and it is reversed with directions for proceedings consistent with this opinion.