# Kilburn v. Pierson.

March 2, 1943.

J. R. Llewellyn and Hector Johnson for appellant.

C. P. Moore for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On November 5, 1931, A. C. Pierson executed and delivered to C. M. Kilburn a deed to two tracts of land in Jackson county. The first tract was described by metes and bounds and as "containing 45 acres by survey." The second tract was described by reference to the lines of owners of the adjoining land and as "containing by estimation 15 acres more or less." The consideration was $1,200, of which $100 was paid in cash. For the remainder Kilburn executed one note for $100 dated October 29, 1931, due December 29, 1931, and five notes for $200 each dated October 29, 1931, and due 1, 2,

3, 4, and 5 years after date, respectively. A lien was retained on the land to secure the payment of the notes. The note for $100 due December 29, 1931, was paid and $100 was paid on the $200 note due October 29, 1932, and interest was paid on the unpaid balance until October 29, 1940. On May 2, 1941, Pierson brought this action against Kilburn to recover the sum of $900, with interest thereon from October 29, 1940, and he asked that he be adjudged a lien on the land and that it be sold to satisfy the debt, interest, and costs. The defendant filed an answer and counterclaim in which he alleged that the first tract was represented and sold to him as containing 45 acres, and that, in fact, it contained only 28 acres; that the consideration for the two tracts conveyed to him as containing 60 acres was $1,200, or $20 an acre; and he asked that he be given credit for the sum of $340 plus various items of interest on alleged overpayments. A demurrer to the answer and counterclaim was sustained, and the defendant filed a pleading styled "Amended Answer, Counterclaim, and Set-Off," in which he alleged that he discovered in 1941 that the first tract contained less than 45 acres, and on August 29, 1941, he had it surveyed by a competent surveyor according to the calls in the deed, and a correct survey disclosed that it contained only 28 acres, making a shortage of 17 acres. A demurrer to this pleading was sustained, the defendant declined to plead further, and. judgment was entered in favor of the plaintiff for the full amount claimed.

Where land is sold by the acre the grantee is entitled to recoup from the grantor to the extent of any deficiency in the acreage no matter how small. Ford v. Coles, 278 Ky. 131, 128 S. W. (2d) 609; Pond Creek Coal Company v. Runyon, 199 Ky. 539, 251 S. W. 841. The courts are not in harmony as to the rule to be applied when the sale is in gross and it appears that through mistake more or less land has been conveyed than was in the contemplation of the seller to part with or the purchaser to receive, but this court has adopted the rule that the purchaser is entitled to recover if the shortage is 10% or more. Piney Oil & Gas Company v. Allen, 235 Ky. 767, 32 S. W. (2d) 325; Cook v. McKee, 235 Ky. 1, 29 S. W. (2d) 571; Riner v. Catron, 230 Ky. 290, 19 S. W. (2d) 970; Barton v. Jones, 206 Ky. 238, 267 S. W. 214. The rule as stated in Morris v. McDonald, 196 Ky. 716, 245 S. W. 903, 904, is:

"If the sale is by the acre, compensation for any discrepancy, no matter how small, will be allowed; but if it is in gross, the rule is that the deficit must be as much as 10 per cent. before the complaining party is entitled to relief. The latter rule, however, is subject to two well-established exceptions laid down in Harrison v. Talbot, 2 Dana 258, and consistently followed by this court. The first is a sale, strictly and essentially by the tract, without reference in the negotiations or contract to any estimated or designated number of acres; and the second is, where a supposed quantity, by estimation, is mentioned or referred to in the contract, but the reference is only for the purpose of description and in such circumstances or in such manner as to show that the parties intended to risk the contingency of quantity, whatever it might be. In neither of these classes of cases will the contract be modified by the chancellor, if no fraud is shown to exist." See 27 R. C. L., Vendor and Purchaser, sections 147-152.

The defensive pleadings in the present case are not artfully drawn and contain allegations concerning interest on certain items to which the appellant is not entitled as a credit on the notes, but the answer and counterclaim as amended does allege that the purchase price of the land was $20 an acre; that appellee represented that the first tract did contain 45 acres, whereas, in fact, it contains 28 acres; that appellant relied upon appellee's assurance as to the number of acres in the tract and did not discover the deficiency of 17 acres until 1941 just before suit on the notes was instituted. The answer and counterclaim as amended stated a good defense to the extent of the deficiency.

Whether the sale was by the acre or in gross is immaterial, since the shortage is far in excess of 10% even if the two tracts are considered, and it is alleged, in effect, that the parties did not intend "to risk the contingency of quantity whatever it might be."

It is suggested that the defense interposed by appellant is barred by limitations, but no authority is cited. The statute of limitations begins to run when the overpayment is made. Harlan v. Buckley, 268 Ky. 148, 103 S. W. (2d) 946; Jordan v. Howard, 246 Ky. 142, 54 S. W. (2d) 613; Morris v. McDonald, 196 Ky. 716, 245 S. W. 903; Nave v. Price, 108 Ky. 105, 55 S. W. 882. Here

$900 of the $1,200 purchase price was unpaid when the vendor sued the vendee, and for the first time the latter was called upon to assert any claim he might have for a deficiency in the acreage. Until he paid the purchase price, he had no right of action to recover money paid under mistake. As was said in Jordan v. Howard, supra [246 Ky. 142, 54 S. W. (2d) 615]:

"Suits of this character when the purchase money has been paid are regarded as being founded upon an implied contract to refund money fraudulently or mistakenly collected. That doctrine rests upon the idea that the purchaser has paid for land he didn't get and there is no injury or loss until the money is paid. Hence, the cause of action arises upon the final payment and limitations begin to run then."

Where the purchase price has not been paid, the vendee, when sued by the vendor, may have the deficiency credited against the amount he agreed to pay. Pond Creek Coal Company v. Runyon, 199 Ky. 539, 251 S. W. 841.

The judgment is reversed, with directions to overrule the demurrer to the answer and counterclaim as amended.