## Head v. Hunter.

(Decided November 27, 1923.)

### Appeal from Logan Circuit Court.

1. Vendor and Purchaser—Vendor's Lien Held to Lie on Land Described by Corrected Deed.—Where deed erroneously described land and subsequently another deed was made to correct the first deed, such second deed bearing the same date as the original deed, stating the same consideration, and referring to the same notes, a vendor's lien note given on execution of the first deed was properly declared a lien on the land conveyed by the corrected deed.

2. Vendor and Purchaser—No Set-Off for Shortage in Acreage in Action on Note for Purchase Price of Land.—In an action on a note and to enforce a vendor's lien, defendant was not entitled to set off a shortage in acreage, where the sale was in gross and the deficiency was less than 10 per cent.

3. Deeds—Acceptance of Corrected Deed Containing Less Acreage Precludes Recovery for Deficiency.—There being no allegation of fraud or mistake in the execution of a corrected deed containing less acreage than the original deed, all prior agreements and negotiations were merged in the deed, and its acceptance by the defendant with knowledge that the land conveyed contained less acreage precludes him from recovering for any deficiency based on prior representations.

4. Appeal and Error—No Available Claim of Absence of Necessary Party in Absence of Special Demurrer.—No complaint can be made on appeal by defendant in a suit on a note and to enforce a vendor's lien that defendant's wife, who owned a half interest in the land on which the lien was adjudged, was not made a party, where defendant filed no special demurrer; the case not falling under Civil Code of Practice, section 28, requiring the court to make one a party where the controversy cannot be determined without prejudice to his rights.

E. J. FELTS and S. R. CREWDSON for appellant.

O. M. SMITH for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

J. W. Hunter brought this suit against R. W. Head to recover on a note for $750.00 and to enforce a vendor's lien. There was a judgment in favor of plaintiff and defendant appeals.

The facts are these: Appellant and Maggie Gorham traded farms, appellant agreeing to discharge an indebtedness of $3,000.00 on the Gorham farm and to execute a note for $750.00. Appellant conveyed his farm to Maggie Gorham and on December 2, 1913, Maggie Gorham and husband conveyed to appellant a tract of land purporting to contain 191 acres, 1 rood and 22 poles of land. At the same time appellant executed a note for $750.00, payable seven years from date, with six per cent interest, and containing the following statement:

"This note is secured by a third lien on the tract of land in Logan county, Ky., containing 181 acres, 1 rood and 22 poles, as described in the deed of even date herewith from Gorham to Head."

On May 20, 1914, Maggie Gorham sold and assigned the note to L. B. Wilkerson, and on November 23, 1914, Wilkerson transferred the note to appellee, J. P. Hunter, who paid to Wilkerson the face of the note and interest up to that date. Some months later appellant employed a surveyor who surveyed the Gorham farm and

discovered that, by the mistake of the attorney who drew the deed, the deed did not convey the Gorham farm, but an adjoining farm belonging to E. O. Sweatt. In making the survey the surveyor found that the Gorham farm contained 172 4/5 acres. Thereupon appellant applied to the attorney to take the necessary steps to correct the description contained in the deed. To this end he prepared a new deed conveying the Gorham farm according to the description and quantity furnished by the surveyor employed by appellant. The deed was executed by the Gorhams and delivered to and accepted by appellant.

(1) It is first insisted that the chancellor erred in awarding appellee a lien on the tract conveyed by the corrected deed. The basis of this contention is that appellant never executed a new note at the time of the second conveyance, and that the note sued on was secured only by the lien retained in the original deed. It appears that the corrected deed bears the same date as the original deed, states the same consideration and refers to the same notes, and secures them by a lien on the land therein conveyed. With respect to the note sued on, the deed contains the following:

"Also one note for $750.00 of even date herewith, executed by the said R. W. and Lorena Head, to the said Maggie Gorham, due seven years after date with interest from date payable annually and secured by a third lien on the real estate herein above conveyed."

After declaring that it was the purpose of the deed to correct the boundary set out in the former deed, there is this provision:

"And it is hereby agreed by all the parties to this instrument that so much of said former deed recorded as aforesaid in D. B. 94, p. 97, as attempted to convey the boundary of land therein set out and described, is hereby cancelled and set aside, and in lieu of said mistake in boundary, the boundary of land stated in this deed is hereby substituted."

Viewing the transaction in the light of all the circumstances, it cannot be doubted that the purpose of the corrected deed was to substitute for the land erroneously conveyed in the original deed the land which the grantors owned and intended to convey, and the legal effect is precisely the same as if the land intended to be conveyed had been properly described in the original deed. Hav-

ing this view of the case, it follows that the chancellor did not err in ruling that the note sued on was secured by a lien on the land conveyed in the corrected deed.

(2) But it is insisted that there was a shortage in acreage, and that appellant was entitled to set off the shortage against the note. We need go no further than to say that appellant is not in a position to rely on the shortage. In the first place, the evidence makes it clear that the sale was in gross, and not by the acre, and that the deficiency was less than ten per cent. In the next place, though claiming that Maggie Gorham represented that her farm contained 182 acres, appellant subsequently accepted a deed containing the description and quantity furnished by his own surveyor, and describing the land as containing 172 4/5 acres. There being no allegation of fraud or mistake in the execution of the corrected deed, all prior agreements and negotiations were merged in the deed, and its acceptance by appellant, with knowledge that the land conveyed contained only 172 4/5 acres, precludes him from recovering for any deficiency based on prior representations. Caudill, et al. v. Bernheim, et al., 194 Ky. 368, 238 S. W. 1041.

(3) Another contention is that appellant's wife, who owned a half interest in the land on which the lien was adjudged, was not made a party. There was no error in this respect, as appellant filed no special demurrer, and the case did not fall under section 28, Civil Code, requiring the court to make one a party where the controversy could not be determined without prejudice to his rights.

Judgment affirmed.