## Ward v. Blair et al.

(Decided October 15, 1929.)

1. Judgment.—Judgment for defendant for certain sums held not erroneous, because recovery was made subject to rights of third person, who was not party to action, but who had attached funds in plaintiff's hands, since, under circumstances, plaintiff is not compelled to pay judgment until such third person's rights are adjudicated.

2. Appeal and Error.—Plaintiff's objection that third person, to whom check had been assigned by defendant, was not made party, cannot be raised for first time on appeal, where circumstances of case do not fall under Civil Code of Practice, sec. 28, requiring court to make one party where controversy cannot be determined without prejudice to his rights; such third party having testified that he expected to look to defendant if check was not paid.

3. Appeal and Error.—Any error urged by appellee is not reviewable, in absence of cross-appeal.

W. J. WARD for appellant.

F. P. BLAIR for appellees.

Opinion of the Court by Judge Clay—Affirming.

Green Blair, who owned some houses and lots near the city of Paintsville, offered them for sale at public auction on July 30, 1927. As agent for his wife, Lou C. Ward, W. J. Ward bought several of the lots. Payment was made by check for the sum of $1,269.16, and Blair and wife executed a deed to Lou C. Ward. When the check was presented, payment was refused. Thereafter Lou C. Ward instituted a proceeding of forcible detainer in the county court. A question of title being raised, the cause was transferred to the circuit court. Thereupon Lou C. Ward filed a petition in equity, in which she sought to recover possession of the property. Blair filed an answer and counterclaim, in which he sought to be adjudged a lien on the property for the amount of the check, and also the sum of $154, which he claimed was deducted from the purchase price in consideration of payment in cash. After that numerous pleadings were filed. In her pleadings, Lou C. Ward alleged that the check was not paid because of certain defects in the title. She further set up a claim for rents and for a sum necessary to complete the houses, which she claimed that Blair had agreed to do. F. P. Blair filed his petition to be made a party, and set up a claim of $346.66, being the amount of certain checks issued by Lou C. Ward to Green Blair, and assigned to him. Malta Bailey attached the funds in controversy. During the progress of the action the title was perfected. On final hearing the court gave judgment in favor of Blair for $1,269.16, subject to a credit of $400 as of June 4, 1928, which amount was attached against the defendant as rent. It was further adjudged that of the above amount Frank P. Blair was entitled to $249.85, and that Green Blair, subject to the rights of Malta Bailey, was entitled to $676.06. Lou C. Ward appeals.

We are convinced that appellant was allowed on her counterclaim for rents fully as much as she was entitled to, and that the court properly adjudged that her claim for what it would take to complete the houses was without merit.

Complaint is made of the judgment because the recovery adjudged appellee was made subject to the rights of Mrs. Bailey, who was not a party to the action. The fact that Mrs. Bailey had attached the funds in appellant's hands was developed during the hearing of the tes-

timony by appellant's agent and attorney. Not only did he not ask that Mrs. Bailey be made a party, but the court fully protected appellant's ·rights by making the recovery in favor of appellees subject to the rights of Mrs. Bailey. In the circumstances, appellant will not be compelled to pay the judgment until Mrs. Bailey's rights are adjudicated, which may be done on the return of the case.

Another ground urged for reversal is that F. S. Vanhoose, to whom the check in controversy was assigned by appellee, was not made a party, and therefore may bring an action to recover on the check. On the hearing, Mr. Vanhoose testified that appellee had been getting materials from him, and that the check had been assigned to him; that he had never given appellee credit for the check; that, if it was not paid, he expected to look to appellee; and that he had taken the check as payment, provided it was made good. It is difficult to perceive on what theory Vanhoose, who not only knew of this suit by appellee to recover on the check, but actually testified in the case and suffered judgment to go without asking to be a party, may himself maintain an action to recover on the same check. But, aside from this, it must not be overlooked that there was no denial of appellee's ownership of the check, and that his right to maintain the action was not challenged in any way. Not only so, but appellant did not ask that Vanhoose be made a party, or raise in any way the question of defect of parties in the court below. In the circumstances the case does not fall under Civil Code of Practice, sec. 28, requiring the court to make one a party where the controversy cannot be determined without prejudice to his rights, and the objection that Vanhoose was not made a party cannot be raised for the first time in this court. Maysville Telephone Co. v. First National Bank,.142 Ky. 578, 134 S. W. 886; Head v. Hunter, 201 Ky. 166, 256 S. W. 12; Harding v. Ky. River Hardwood Co., 205 Ky. 1, 265 S. W. 429.

Appellee insists that appellant's claim for rents should not have been allowed. In reply to this contention, it is sufficient to say that the error, if any, is not reviewable, in the absence of a cross-appeal.

Judgment affirmed.