# Humphries v. Haydon et al.

April 21, 1944.

W. C. Hamilton for appellant.

Reid Prewitt, F. C. Bryan, and W. C. Clay, Jr., for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

This is an action for the recovery of $673.65, the proportionate part of the consideration paid for a tract of land because of deficiency in the quantity. The question whether the sale was as a unit, irrespective of the acreage, the parties risking the contingency of more

or less area than that described; or was a sale in gross with the purchaser relying upon representations as to the quantity was submitted to a jury. Marr v. Lawson, 290 Ky. 342, 161 S. W. (2d) 42. The verdict and judgment were for the defendants and the plaintiff appeals.

The defendants, George Haydon and wife, elderly people, owned and lived upon a small farm in Clark County. It was placed in the hands of real estate agents for sale, apparently by their son whose right to do so was not questioned. The plaintiff, George W. Humphries, looked over the place and had the lines pointed out to him. He testified that Mr. Haydon told him upon several occasions that it contained "something less than 36 acres." It was priced at $6,500. No sale was had at this time. The testimony of Mr. and Mrs. Haydon is to the effect that Humphries was told only that their deed called for such a quantity. But the real estate agent confirms Humphries, at least in that both he, the agent, and the seller's son told him of the area. About three weeks later the agents negotiated a three-way transaction in which the Haydons acquired a house and lot in Mt. Sterling from Noah Hughes and Humphries acquired the farm from the Haydons for the sum of $5,200. Humpries says that he had nothing to do with the town property sale. Hughes says that he had nothing to do with the sale of farm to Humphries. Mr. and Mrs. Haydon say they knew Humphries was to get their farm but neither seems to have clearly understood the negotiations or transaction. At any rate, the parties came together on November 10, 1941, to close the deals and exchange deeds and pay the respective considerations. Hughes conveyed his property to the Haydons. Humphries made his notes payable to the Haydons and his check for the difference of $575 to Hughes. The Haydons assigned the notes to him also. They executed a deed to Humphries which described the property by courses and distances and concluded "containing, exclusive of said graveyard, 35.154 acres of land." Several months later a survey revealed that the tract contained only 30.6 acres, a deficiency of 4.543 acres.

The law of Kentucky with reference to the quantity or area of land sold in gross was laid down definitely by Chief Justice Robertson 110 years ago in Harrison v. Talbot, 32 Ky. 258, 2 Dana 258. Transactions were classified into four kinds and the legal remedies for each was defined. That law has become a rule of property

in the sense that it has been recognized by the courts as being a part of every conveyance of land. Many cases have arisen in which there was difficulty in determining whether the particular sales were within the second or the third category. The former embraces a sale by the tract in which a supposed or estimated quantity of land was mentioned or referred to in the contract, but only as being descriptive and under such circumstances as to show that the parties intended to risk the contingency of quantity. The latter embraces a sale in which it was made evident by certain extraneous circumstances, conduct and conversations that the parties did not contemplate or intend to risk more than the usual rates of excess or deficiency in similar transactions or as might reasonably be regarded as within the range of the ordinary contingency. It has also become a rule of property of the same character that 10% of the quantity the land was represented to contain is the criterion of the reasonable or ordinary contingency; in other words, that if the difference is 10% or more, the party suffering the loss is entitled to redress, which in an executed transaction is ordinarily the right to recover the proportionate sum paid. The idea is that the disparity is so great as probably not to have been within the contemplation of the parties, and the principle that one will not be permitted to get something for nothing. The law raises an implied contract to adjust the matter on the basis of mistake or deceit. Chilton v. Head, 193 Ky. 768, 237 S. W. 422; Cook v. McKee, 235 Ky. 1, 29 S. W. (2d) 571; McGeorge v. White, 295 Ky. 367, 174 S. W. (2d) 532. We have a deficit in this case of nearly 13%.

It does not seem to us that there is anything in the circumstances here to prove that the buyer regarded the representation that the tract containing something less than 36 acres to be merely descriptive. The parties testified positively as to what each intended, the plaintiff that he relied upon the representations as to the acreage and the defendants that they were selling the property "as a lump," regardless of quantity, for a "lump sum." Such testimony cannot affect the legal effect of what was said and done. It ought always to be very clearly shown when a definite acreage is declared that it was intended to be only descriptive and that the transaction was intended to come within the class we have first described above. But whether so or not, the

controlling fact is the recitation in the deed itself, specifying without qualification, that the tract contained ''35.154 acres of land.'' Here is a minute statement of quantity and not a general one, such as 35 acres more or less. There was no effort made in the case to reform the deed. The general rule that the terms of a writing, plain and certain, cannot be varied or modified by parol evidence is said to apply with all its strictness to deeds, an exception being that one was executed as security for the payment of a debt. 16 Am. Jur., Deeds, Secs. 412, 445. We have held that all prior or contemporaneous oral negotiations and representations become merged in the writing and it cannot be altered or modified, the conclusive presumption being that the whole engagement of the parties was embodied in the deed. The rights and liabilities of the parties are to be determined thereby. Creekmore v. Bryant, 158 Ky. 166, 164 S. W. 337; Caudill v. Bernheim, 194 Ky. 368, 238 S. W. 1041; Maple v. Truax, 198 Ky. 801, 250 S. W. 124; Head v. Hunter, 201 Ky. 166, 256 S. W. 12; Riner v. Catron, 230 Ky. 290, 19 S. W. (2d) 970.

It is immaterial that no objection was made to the introduction of the oral testimony, for the rule denying any effect of parol evidence upon a written contract is not merely a rule of evidence but is one of positive law, the measure of the rights of the parties being a matter of substantive law. Johnson v. Johnson, 297 Ky. 268, 178 S. W. (2d) 983.

We are of opinion, therefore, that the judgment should have been rendered in favor of the plaintiff.

Judgment reversed.