## Kentucky West Virginia Gas Co. v. Preece et al.

May 28, 1946.

Combs & Combs for appellant.

John T. Diederich for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Reversing.

This is an action to recover $995 and interest paid by appellant to the appellees as delay rentals pursuant to the terms of two oil and gas leases on the ground that

the rentals were paid by mistake since appellees did not have title to the oil and gas which they attempted to lease.

This is the second appeal of this case, the lower court having sustained a demurrer to the petition, which judgment was reversed by this court. Kentucky West Virginia Gas Company v. Preece et al., 260 Ky. 601, 86 S. W. 2d 163. Following that opinion an answer was filed denying the allegations of the petition except as to the chains of title. Other pleadings made up the issues and proof was taken which established without contradiction the allegations of the petition.

The facts as set out in the petition and as established by the appellant were that on December 14, 1926, the appellees by two separate instruments, identical in terms, leased to the Ivyton Oil and Gas Company, and R. J. Graf, the oil and gas rights in two tracts of land for the consideration of $300 per year for each gas well and one-eighth of the oil. These leases further provided for a delay rental of $1 per acre per annum payable each three months in advance until a well was completed or the lease surrendered. This lease was assigned to appellant shortly after it was executed, and appellant paid the delay rentals as due until January 9, 1933, when it surrendered the lease and brought this action to recover all money paid to the appellees.

The basis of this action is that on April 14, 1890, the predecessors in title of the appellees sold and conveyed to one Arthur D. Bright, Trustee, "all the coal, salt, water and minerals of every description," in, upon and under the property covered by the two leases referred to.

In our first opinion we determined, first—that the conveyance to Bright included oil and gas and therefore appellees had no title to those minerals and conveyed nothing under the terms of the two leases, and, second—that the money could be recovered although it was paid under a mistake of law. Reference is made to that opinion for a detailed statement of the facts and authorities cited in support of the rulings on the two questions considered. That opinion is now the law of this case and it is only necessary to determine whether the evidence introduced supports the allegations of the petition.

Appellant introduced witnesses who did establish

and file many exhibits which established the facts as to the various leases and conveyances. It is not necessary at this time to detail this evidence, it being sufficient to say that the facts alleged were proven without contradiction.

In their answer appellees alleged that the lease was on a printed form which had been changed by striking out the words "oil" and "gas" wherever they appeared in the deed to Bright. They introduced three witnesses who utterly failed to support this allegation as they all testified that the deed to Bright was written in longhand and was not on a printed form. They did attempt to show that the deed did not include oil and gas, but, as pointed out by appellant, no allegation of fraud or mistake was included in the answer, and this evidence was therefore inadmissible. 20 Am. Jur. page 958, section 1099; Humphries' v. Haydon et al., 297 Ky. 219, 179 S. W. 2d 895; Johnson v. Johnson, 297 Ky. 268, 178 S. W. 2d 983.

All the points raised in appellees' brief were carefully considered by the court on the former appeal and determined adversely to their contentions. It would serve no purpose to restate the principles set forth in the former opinion and on that authority the judgment is reversed with directions that the court below set aside such judgment and enter judgment for the plaintiff for the amount claimed.

Reversed.