The **DREES COMPANY**, Appellant,

v.

**Fred OSBURG and Jeannie Osburg, Appellees.**

No. 2002–CA–001051–MR.

Court of Appeals of Kentucky.

Oct. 24, 2003.

Rehearing Denied Dec. 15, 2003.

Discretionary Review Denied by Supreme Court Oct. 13, 2004.

Gerald F. Dusing, Adams, Stepner, Woltermann & Dusing, P.L.L.C., Covington, KY, Valerie Van Valkenburg, Aronoff, Rosen & Hunt, Cincinnati, OH, for appellant.

Elizabeth Graham Weber, Deters, Benzinger & LaVelle, P.S.C., Covington, KY, for amicus curiae Home Builders Association of Northern Kentucky and Home Builders Association of Kentucky.

Paul J. Vesper, Covington, KY, for appellees.

Before BARBER, COMBS, and KNOPF, Judges.

## OPINION

KNOPF, Judge.

In October 2000, Fred and Jeannie Osburg contracted for the construction and purchase of a new home with The Drees Company, a multi-state developer and builder of residential communities. The company was developing Glenridge, a residential subdivision in Cold Spring, Campbell County. Soon after the Osburgs took possession of their new home in May 2001, they installed an above-ground pool. When the company informed them that the pool violated restrictive covenants governing the use of the property, the Osburgs filed suit. Alleging that the company had induced them to contract by representing that above-ground pools would be permitted, they sought compensatory and punitive damages. The company moved to have the suit dismissed or stayed on the ground that an arbitration clause in the purchase contract required the Osburgs to submit their claim to arbitration. The trial court denied the motion. By order entered May 10, 2002, it ruled that the purchase agreement had been superseded by—merged into—the Osburgs' deed. Because the deed did not include an arbitration clause, the court concluded that the Osburgs' suit could proceed. It is from that ruling that the Drees Company has appealed. It contends that the trial court misapplied the doctrine of merger. We agree and so reverse and remand.[1]

Under the merger doctrine, upon delivery and acceptance of a deed the deed extinguishes or supersedes the provisions of the underlying contract for the conveyance of the realty.[2] The doctrine applies to covenants pertaining to title, possession,

---

1. Our jurisdiction to entertain an appeal from what is plainly an interlocutory ruling comes from KRS 417.220, which permits an appeal from "an order denying an application to compel arbitration[.]" The Osburgs contend that this statute should not apply in this case because the company's motion sought dismissal or a stay, not an order compelling arbitration. The company, of course, is the defendant and is not obliged to seek an order compelling the Osburgs to proceed against it, in arbitration or otherwise. Its motion to dismiss the Osburgs' suit was nevertheless clearly a motion to compel the Osburgs, if they wished to proceed, to do so in arbitration, not in court. The denial of such a motion, although interlocutory, is appealable under the statute.

2. *Borden v. Litchford*, Ky.App., 619 S.W.2d 715 (1981).

quantity, or emblements[3] of the property, the covenants commonly addressed in deeds.[4] Covenants in the antecedent contract that are not commonly incorporated in the deed, and that the parties do not intend to be incorporated, are often referred to as collateral agreements. The merger doctrine does not apply to collateral agreements.[5]

The arbitration agreement in this case was collateral to the property transfer. It had nothing to do with the title, possession, quantity, or emblements of the property. And it is reasonable to suppose that the parties intended post-closing performance of that clause; disputes, after all, frequently arise after closing. The trial court erred, therefore, when it applied the merger doctrine to the arbitration agreement.

Accordingly, we reverse the May 10, 2002, order of the Campbell Circuit Court and remand for entry of a new order giving effect to the parties' agreement to arbitrate.

BARBER, Judge, concurs.

COMBS, Judge, dissents and files separate opinion.

COMBS, Judge, dissenting.

I dissent. The trial court correctly characterized this issue by holding that all the contracts for purchasing land, for construction of a residence, and for the above-ground pool have a direct bearing on the nature of the real estate title acquired by the Osburgs. Therefore, the deed describing and restricting that title is the only relevant document governing this controversy. All other contracts or agreements truly merged into their deed of title and were not—as the majority opinion suggests—merely collateral agreements standing separate and apart from the deed.

Since the trial court correctly applied the merger doctrine to the contract for the pool, it was also correct in refusing to apply the arbitration clause contained in the contract that had been subsumed into the deed. This matter should proceed to litigation as to the deed rather than being subject to the arbitration clause of the contract.

3. Generally speaking, "emblements" refers to crops.

4. *Coe v. Crady Davis Corporation*, 60 P.3d 794 (Colo.App.2002); *Waterville Industries, Inc. v. Finance Authority of Maine*, 758 A.2d 986 (Maine 2000). We have been unable to find any Kentucky case addressing this precise issue, but the Kentucky cases applying the merger doctrine are consistent with this principle. *Borden v. Litchford, supra* (warranties of condition, apparently thought by the court to bear significantly on the title); *Humphries v. Haydon*, 297 Ky. 219, 179 S.W.2d 895 (1944) (quantity).

5. *Coe v. Crady Davis Corporation, supra; Premier Title Company v. Donahue*, 328 Ill. App.3d 161, 262 Ill.Dec. 376, 765 N.E.2d 513 (2002); *Spears v. Warr*, 44 P.3d 742 (Utah 2002); *Waterville Industries, Inc. v. Finance Authority of Maine, supra; Beck v. Smith*, 260 Va. 452, 538 S.E.2d 312 (2000); *Bruggeman v. Jerry's Enterprises, Inc.*, 591 N.W.2d 705 (Minn.1999).