2022 IL App (1st) 210548-U

SECOND DIVISION
February 15, 2022

No. 1-21-0548

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| MARENGO HAMPSHIRE PARTNERS LLC, | ) | Appeal from the Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19 L 1748 |
| | ) | |
| MARKET FINANCIAL GROUP, LTD., | ) | |
| | ) | Honorable Daniel J. Kubasiak, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Justices Lavin and Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*: The trial court did not commit reversible error when it dismissed plaintiff's complaint. The contract at issue contains an irreconcilable conflict. Both parties offered reasonable interpretations of the contract that, if adopted, would entitle them to judgment. When the applicable rules of construction are applied, we affirm the trial court's judgment.

¶ 2    Plaintiff Marengo Hampshire Partners sued defendant Market Financial Group for breach of contract. In the complaint, plaintiff alleges that defendant failed to pay for services performed, and plaintiff alleges that it is entitled to payment under the contract. Defendant moved to dismiss the complaint arguing that plaintiff failed to allege sufficient facts to support its cause of action.

The trial court gave plaintiff three attempts to replead and state a claim for relief. After finding that plaintiff still failed to allege sufficient facts to state a claim, the trial court dismissed the third-amended complaint with prejudice. Plaintiff appeals the dismissal of its operative complaint, and we affirm.

¶ 3                                    BACKGROUND

¶ 4      Plaintiff Marengo Hampshire Partners is a retained search firm that engages in the business of finding prospective employees for employers that are looking to hire new people. Plaintiff gets paid by employers for finding and developing prospective employees that match the employer's requirements for the positions. Defendant Market Financial Group is a business that provides insurance services and financial planning services to local companies. Defendant sought to hire new employees for two discrete positions in its company, and the parties entered into a written agreement, drafted by plaintiff, under which plaintiff agreed to perform its services of searching for suitable prospective employees to fill the open positions.

¶ 5      Plaintiff alleges that it performed its obligations under the agreement and that it presented several candidates to defendant to fill each of the open positions. Plaintiff alleges that defendant paid some of the amounts due under the contract, but that it did not pay the full fee discussed in the contract. Plaintiff filed the complaint in this case seeking its full fee, along with additional finance charges.

¶ 6      Several motions to dismiss were filed and granted by the trial court and the operative complaint is the third-amended complaint—plaintiff's fourth attempt to plead sufficient facts to state a claim. The issue raised by defendant in its multiple motions to dismiss is that plaintiff has not alleged that it hired any of the candidates presented to it by plaintiff. Defendant maintains that its obligation to pay the full contractual fee sought by plaintiff is contingent on it hiring a

prospective employee that was presented to it by plaintiff. The trial court agreed with defendant and found that, because plaintiff could not allege that defendant hired any of the candidates presented by plaintiff, it could not state a claim for its full fee under the contract. Plaintiff appeals the dismissal of its third-amended complaint.

¶ 7                                                    ANALYSIS

¶ 8      The issue on appeal is whether the trial court erred when it dismissed plaintiff's operative complaint. After giving plaintiff multiple chances to replead, the trial court dismissed the complaint with prejudice for failing to state a claim. The portion of defendant's motion that was granted and that was outcome determinative in the trial court was defendant's argument under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)) that plaintiff failed to plead sufficient facts to state a cause of action.

¶ 9      A motion filed under section 2-615 of the Code attacks the legal sufficiency of the complaint and raises the question of whether the complaint states a cause of action upon which relief can be granted. 735 ILCS 5/2-615 (West 2020); *Underwood v. City of Chicago*, 2017 IL App (1st) 162356, ¶ 14. When a section 2-615 motion to dismiss is granted, the issue on appeal is whether the allegations in the complaint, when liberally construed, taken as true, and viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action. *Borowiec v. Gateway 2000, Inc.*, 209 Ill. 2d 376, 382 (2004). When a complaint is dismissed under section 2-615 and the plaintiff appeals, we review the propriety of the dismissal *de novo*. *Cahokia Unit School District No. 187 v. Pritzker*, 2021 IL 126212, ¶ 24.

¶ 10     Plaintiff argues that the trial court misinterpreted the written contract that governed the parties' relationship. The construction of a contract is an issue of law to be determined by the court. *Intersport, Inc. v. NCAA*, 381 Ill. App. 3d 312, 318 (2008). The primary goal

of contract interpretation is to give effect to the intent of the parties. *Palm v. 2800 Lake Shore Drive Condominium Ass'n,* 2014 IL App (1st) 111290, ¶ 75. A contract must be interpreted as a whole and the plain and ordinary meaning must be ascribed to unambiguous terms. *Id.* As with the standard of review for a motion to dismiss, any issue concerning the construction, interpretation, or legal effect of a contract is a question of law that we review *de novo*. *Erlenbush v. Largent*, 353 Ill. App. 3d 949, 952 (2004).

¶ 11    Plaintiff claims that it is entitled to its full fee under the written agreement. Defendant counters that plaintiff has not alleged that defendant hired any candidate presented to it by plaintiff and, thus, plaintiff is not entitled to the fee under the contract. The dispute requires an interpretation of the written agreement to determine whether plaintiff is entitled to its full search project fee if defendant does not hire a candidate presented by plaintiff.

¶ 12    On page 5 of the parties' agreement, the contract provides that "[defendant] agrees that *if they hire* a candidate presented by [plaintiff,] the Search Project Fees agreed to in this proposal are due in full." (Emphasis added). Plaintiff did not allege that defendant hired a candidate that plaintiff presented to it, so plaintiff has failed to demonstrate that its performance entitled it to payment under this provision. The "Search Project Fee" is defined as 25% of the value of the first-year compensation "for any individual presented by [plaintiff] and *hired by* [defendant]." (Emphasis added). Throughout pages 5 and 6 of the agreement, the contract repeatedly refers to payment of the "Search Project Fee" as being due in exchange for defendant hiring a candidate that is presented to it by plaintiff. Throughout the whole first part of the written agreement, the terms stipulate that plaintiff's entitlement to the Search Project Fee is conditioned on it presenting a candidate to defendant that defendant subsequently hires.

¶ 13     However, on page 7 of the agreement, the contract states that "[p]ayment of fees and expenses for any Search Project initiated by the client is not contingent upon the hiring of one of our candidates." Plaintiff contends that this provision means that it is entitled to be paid its entire contractual fee regardless of whether defendant hires a candidate it presented. The agreement further stipulates that if it is cancelled by defendant after 90 days of the search being initiated, "the full Search Project Fee will be considered earned in full." Plaintiff alleged in its third-amended complaint that it was entitled to the fee because defendant cancelled the search project more than 90 days after the project was initiated. On appeal, however, plaintiff argues that it is entitled to payment because it performed its obligations under the contract and because its payment was not conditioned on defendant hiring one of the candidates it presented.

¶ 14     Under different provisions of the contract, either party could prevail in this case depending on which provision is applied. If the provisions on pages 5 and 6 are applied, defendant prevails; and if the provisions on page 7 are applied, plaintiff prevails. The provisions cannot be reconciled, and both cannot be contemporaneously applied under the circumstances of this case. Although a contract is not ambiguous simply because the parties disagree as to its meaning, the positions advocated by the parties here reflect opposing reasonable interpretations that result in a hopeless conflict that cannot be resolved by the contract itself. See *Zwayer v. Ford Motor Credit Co.*, 279 Ill. App. 3d 906, 910 (1996). In such a case, the contract is deemed to be ambiguous and a resort to rules of construction becomes necessary. *In re Estate of Chaitlen*, 179 Ill. App. 3d 287, 291 (1989).

¶ 15     Ordinarily, the interpretation of an ambiguous contract presents a question of fact which may not be decided on a motion to dismiss under section 2–615. *Monroe Dearborn Limited Partnership v. Board of Education of City of Chicago*, 271 Ill. App. 3d 457, 462 (1995). Neither

party in this case argued here or in the trial court that the contract was ambiguous. Both parties asserted that their proposed interpretation was the only reasonable interpretation and that the plain contractual language itself entitled them to prevail as a matter of law. The trial court considered the parties' dueling interpretations and adopted the interpretation offered by defendant. On appeal, the parties both continue to contend that the provisions at issue are not contradictory and that their proffered interpretation is the only proper interpretation as a matter of law.

¶ 16     While our review of a trial court's decision on a motion to dismiss is *de novo*, we may affirm for any reason in the record. *Chang Hyun Moon v. Kang Jun Liu*, 2015 IL App (1st) 143606, ¶ 11. We conclude that there is an unresolvable conflict in the contract. Pages 5 and 6 of the contract condition plaintiff's entitlement to the full Search Project Fee on it presenting a candidate to defendant that defendant proceeds to hire. Page 7, however, provides that plaintiff's entitlement to the fee is not conditioned on defendant hiring one of its candidates and that plaintiff can be entitled to payment regardless of a hiring. Both of those statements cannot be true at the same time. The contradictory provisions cannot be reconciled through a reading of the contract as a whole and rules of construction must be used to resolve this appeal.

¶ 17     "[I]t is a basic principle of contract construction that where two clauses conflict, it is the duty of the court to determine which of the two clauses most clearly expresses the chief object and purpose of the contract." *Premier Title Co. v. Donahue*, 328 Ill. App. 3d 161, 166 (2002). Moreover, ambiguous contracts are construed against the drafter. *Duldulao v. St. Mary of Nazareth Hospital Center*, 115 Ill. 2d 482, 493 (1987); *Zwayer*, 279 Ill. App. 3d at 910. The contract at issue in this case was drafted by plaintiff and any ambiguity will be resolved against it. It would not have been difficult for plaintiff, as the drafter, to structure the agreement in a way

that unambiguously guarantees it to payment for its services regardless of which candidate is hired or whether anyone is hired for the position at all. In fact, plaintiff did include provisions to entitle it to monthly payments, but it left unclear the conditions that would entitle it to the full "Search Project Fee." Certain brokers that work for commissions or work on contingencies must take steps to contractually protect their expected compensation in similar circumstances or they might be left to pursue recovery in *quantum meruit*. See, *e.g.*, *Halpern v. Titan Commercial LLC*, 2016 IL App (1st) 152129, ¶¶ 17-20.

¶ 18    In determining which interpretation is more consistent with the chief object and purpose of the contract and construing the contract against plaintiff as the drafter, we conclude that the trial court did not commit reversible error when it ruled in defendant's favor. The agreement is dominated by the theme that plaintiff is to be paid its full search fee when it presents a candidate to defendant that defendant subsequently hires. That theme is reinforced by the purpose for which the parties contracted: that defendant would pay plaintiff for finding candidates to fill its open employment positions. As set forth previously, defendant agreed to pay the full Search Project Fee "*if they hire* a candidate presented by [plaintiff.]" The Fee is defined to be 25% of the first-year compensation for "any individual presented by [plaintiff] and *hired by [defendant]*." Because defendant was interested in potentially hiring multiple candidates, the agreement provides that if "there is a separate *hire* made from any individual Search Project, the second *hire* will be billed at twenty-two percent [of estimated compensation]." (Emphasis added). The agreement requires defendant to notify plaintiff when it "appoint[s] a successful candidate" and provide compensation figures "to enable [plaintiff] to calculate fees appropriately."

¶ 19    When the applicable rules of construction are applied, it is reasonable to conclude, and not manifestly unfair to plaintiff's contractual expectations, that plaintiff's entitlement to the Search Project Fee is conditioned on defendant hiring someone to fill the positions. See *Zwayer*, 279 Ill. App. 3d at 910. Moreover, even when the allegations in the complaint are taken as true, there is no indication that defendant hired anyone for the positions outlined in the search agreement, and plaintiff has not alleged that defendant received any compensable benefit or windfall from plaintiff under the contract for which it did not pay. Regardless of the trial court's reasoning, it did not commit reversible error when it dismissed the operative complaint after giving plaintiff four opportunities to state a claim. See *Moon*, 2015 IL App (1st) 143606, ¶ 11.

¶ 20                                                CONCLUSION

¶ 21    Accordingly, we affirm.

¶ 22    Affirmed.