2025 IL App (1st) 251104-U
Order filed: September 10, 2025

FIRST DISTRICT
THIRD DIVISION

No. 1-25-1104

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | |
|---|---|
| APERION CARE BLOOMINGTON, LLC; APERION CARE TOLUCA, LLC; APERION CARE PERU, LLC; RIVIERA CARE CENTER, LLC d/b/a Aperion Care Chicago Heights; THE ARBORS OPERATOR, LLC d/b/a Aperion Care Arbors Michigan City; APERION CARE TOLLESTON PARK, LLC d/b/a Aperion Care Tolleston Park; PLAZA NURSING & REHAB CENTER, LLC d/b/a Aperion Care Midlothian; APERION CARE DEMOTTE, LLC; DOLTON NURSING & REHAB, LLC d/b/a Aperion Care Dolton; BERKSHIRE NURSING & REHABILITATION CENTER, LLC d/b/a Aperion Care Forest Park; INTERNATIONAL NURSING & REHAB CENTER, LLC d/b/a Aperion Care International; ISLAND CITY REHABILITATION CENTER LLC d/b/a Aperion Care Wilmington; HIGHLAND PARK NURSING & REHAB CENTER, LLC, d/b/a Aperion Care Highwood; APERION CARE ELGIN, LLC; PLUM GROVE NURSING & REHAB., LLC, d/b/a Aperion Care Plum Grove; EVANSTON NURSING & REHAB CENTER, LLC, d/b/a Aperion Care Evanston; EXCEPTIONAL CARE, LLC, d/b/a Aperion Care Burbank; CONCORD NURSING & REHABILITATION CENTER, LLC, d/b/a Aperion Care Oak Lawn; and APERION ESTATES PERU, LLC, <br><br>       Petitioners-Appellants, <br><br> v. <br><br> ENLOE DRUGS LLC d/b/a Omnicare of Peoria; NEIGHBORCARE OF INDIANA, LLC d/b/a Omnicare of Fort Wayne; CARE PHARMACEUTICAL SERVICES LP d/b/a Omnicare of Griffith; and JHC ACQUISITION LLC d/b/a Omnicare of Northern Illinois, <br><br>       Respondents-Appellees. | Appeal from the Circuit Court of Cook County. <br><br> 2025 CH 00971 <br><br> Honorable Willam B. Sullivan, Judge, presiding. |

_____

      JUSTICE ROCHFORD delivered the judgment of the court.
      Presiding Justice Martin and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Circuit court's order partially denying petition and motion to stay arbitration is affirmed, where circuit court properly concluded that certain respondents were entitled to enforce arbitration provision in contract as successors by merger.

¶ 2    Petitioners-appellants, Aperion Care Bloomington, LLC, *et al.*,[1] filed a verified petition and motion to stay arbitration in the circuit court against respondents-appellees, Enloe Drugs LLC, d/b/a Omnicare of Peoria, Neighborcare Of Indiana, LLC, d/b/a Omnicare of Fort Wayne, Care Pharmaceutical Services LP, d/b/a Omnicare of Griffith, and JHC Acquisition LLC, d/b/a Omnicare of Northern Illinois. The circuit court partially granted and partially denied that petition and motion. Petitioners have appealed the partial denial of that petition and motion, and for the following reasons we affirm.

¶ 3    Petitioners operated senior living facilities in Illinois and Indiana. Between 2013 and 2016, each petitioner entered into a Pharmaceutical Services Agreement (each a "PSA" and collectively the "PSAs") with Pharmore Drugs LLC for the provision of pharmaceutical products and services. Section 8(Q) of each of the PSAs contains an arbitration provision, which provides:

"**<u>Arbitration</u>**. Any dispute or controversy arising under, out of or in connection with, or in relation to this Agreement, or any amendment hereof, or the breach thereof will be

---

[1] Aperion Care Bloomington, LLC; Aperion Care Toluca, LLC; Aperion Care Peru, LLC; Riviera Care Center, LLC d/b/a Aperion Care Chicago Heights; The Arbors Operator, LLC d/b/a Aperion Care Arbors Michigan City; Aperion Care Tolleston Park, LLC d/b/a Aperion Care Tolleston Park; Plaza Nursing & Rehab Center, LLC d/b/a Aperion Care Midlothian; Aperion Care Demotte, Llc; Dolton Nursing & Rehab, LLC d/b/a Aperion Care Dolton; Berkshire Nursing & Rehabilitation Center, LLC d/b/a Aperion Care Forest Park; International Nursing & Rehab Center, LLC d/b/a Aperion Care International; Island City Rehabilitation Center LLC d/b/a Aperion Care Wilmington; Highland Park Nursing & Rehab Center, LLC, d/b/a Aperion Care Highwood; Aperion Care Elgin, LLLC; Plum Grove Nursing & Rehab., LLC, d/b/a Aperion Care Plum Grove; Evanston Nursing & Rehab Center, LLC, d/b/a Aperion Care Evanston; Exceptional Care, LLC, d/b/a Aperion Care Burbank; Concord Nursing & Rehabilitation Center, LLC, d/b/a Aperion Care Oak Lawn; and Aperion Estates Peru, LLC.

determined and settled by arbitration in Cook County, Illinois in accordance with the American Health Lawyers Association Alternative Dispute Resolution Service Rules of Procedure for Arbitration and apply the laws of the State of Illinois. Any award rendered by the arbitrator will be final and binding upon each of the Parties, and judgment thereon may be entered in any court having jurisdiction thereof. The costs will be borne equally by both Parties. During the pendency of any such arbitration and until final judgment thereon has been entered, this Agreement will remain in full force and effect unless otherwise terminated as provided hereunder. The provisions set forth herein will survive expiration or other termination of this Agreement regardless of the causes of such termination."

¶ 4    On October 2, 2024, respondents initiated American Health Law Association ("AHLA") arbitration number 10178. Respondents brought various claims against petitioners. All the claims involved allegations that petitioners had ordered and received pharmacy products and services from respondents pursuant to the PSAs between December 1, 2017, and March 31, 2018, but had failed to pay for them. On December 23, 2024, petitioners here submitted their objection to jurisdiction in the underlying arbitration, arguing that respondents were not parties to the PSAs and therefore could not enforce the PSAs' arbitration provisions.

¶ 5    On January 28, 2025, petitioners initiated this action by filing their verified petition and motion to stay arbitration (the "petition"). At a hearing on February 19, 2025, the circuit court denied the petition in its entirety and ordered the parties to proceed to arbitration. Petitioners then filed a motion to stay the circuit court's February 19, 2025, order, pending an appeal to this court, pursuant to Illinois Supreme Court Rule 305(b) (eff. July 1, 2017).

¶ 6    On March 13, 2025, the circuit court *sua sponte* vacated its February 19, 2025, order on the grounds that there was no evidence that the PSAs had been assigned to the three respondents

other than Omnicare of Northern Illinois.

¶ 7   At a hearing on May 13, 2025, the circuit court granted the petition as to Omnicare of Peoria, Omnicare of Fort Wayne, and Omnicare of Griffith. The circuit court denied the petition as to Omnicare of Northern Illinois. In its oral ruling, the circuit court specifically found that Omnicare of Northern Illinois was the successor by merger to one of the original PSA signatories, Pharmore Drugs, LLC and could therefore enforce the PSAs arbitration clause. Petitioners now appeal from that portion of the trial court's May 13, 2025, order denying the petition as to Omnicare of Northern Illinois and ordering petitioners to arbitrate their disputes with that entity.

¶ 8   We review *de novo* an order granting a motion to compel arbitration that was made without an evidentiary hearing and raises only a legal issue. *LRN Holding, Inc. v. Windlake Capital Advisors, LLC*, 409 Ill. App. 3d 1025, 1027 (2011). Additionally, the construction of an arbitration clause is reviewed *de novo*. *QuickClick Loans, LLC v. Russell*, 407 Ill. App. 3d 46, 52 (2011).

¶ 9   Under the Illinois Uniform Arbitration Act (Act), "[a] written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon the grounds as exist for the revocation of any contract." 710 ILCS 5/1 (West 2022). Therefore, "[w]here there is a valid arbitration agreement and the parties' dispute falls within the scope of that agreement, arbitration is mandatory, and the trial court must compel it." (Internal quotation marks omitted.) *Bain v. Airoom, LLC*, 2022 IL App (1st) 211001, ¶ 20.

¶ 10   Furthermore, the Act " 'must be deemed part of a contract containing an arbitration clause.'" *Advocate Financial Group v. Poulos*, 2014 IL App (2d) 130670, ¶ 48 (quoting *Johnson v. Baumgardt*, 216 Ill. App. 3d 550, 560 (1991)). The Act embodies a policy that favors arbitration as a cost-effective method of dispute resolution. *Donaldson, Lufkin & Jenrette Futures, Inc. v.*

*Barr*, 124 Ill. 2d 435, 443 (1988). Section 2 of the Act provides that, upon the application of a party, the trial court may compel or stay arbitration or stay a court action pending arbitration. 710 ILCS 5/2(a), (b) (West 2022). A motion to compel raises the sole and narrow issue of whether there is an agreement between the parties to arbitrate the dispute at issue. *Donaldson*, 124 Ill. 2d at 444, 449.

¶ 11     Furthermore, in conducting the summary procedure required by section 2 of the Act, "the court should act expeditiously and without a jury trial to make a substantive determination of whether a valid arbitration agreement exists." *Sanders v. Oakbrook Healthcare Center, Ltd.*, 2022 IL App (1st) 221347, ¶ 29 (citations omitted). Moreover, under the Act, "[a]n order for arbitration shall not be refused on the ground that the claim in issue lacks merit or *bona fides* or because any fault or grounds for the claim sought to be arbitrated have not been shown." 710 ILCS 5/2(e) (West 2022). Thus, the circuit court's job in a proceeding pursuant to section 2(b) of the Act is clear: if a "valid arbitration agreement" exists as between the parties, the trial court must order the parties to arbitrate, without regard for whether "the claim in issue lacks merit or *bona fides* or because any fault or grounds for the claim sought to be arbitrated have not been shown." *Sanders*, 2022 IL App (1st) 221347, ¶ 29; 710 ILCS 5/2(e) (West 2022).

¶ 12     An agreement to arbitrate is a matter of contract. *Salsitz v. Kreiss*, 198 Ill. 2d 1, 13 (2001). When construing a contract, the primary goal is to effectuate the intent of the parties. *Premier Title Co. v. Donahue*, 328 Ill. App. 3d 161, 164 (2002). When the contractual language is clear, the court must determine the parties' intent solely from the plain language of the contract. *Id*. The contractual language must be given its plain and ordinary meaning. *Id*. When interpreting the contract, the court must consider the document as a whole. *Id*. The court cannot make a new contract by supplying provisions or by giving plain and unambiguous language a distorted

construction. *Whaley v. American National Insurance Company*, 30 Ill. App. 3d 32, 34 (1975).

¶ 13    As an initial matter, we reject the respondent's argument that the portion of the circuit court's May 13, 2025, order denying the petition as to Omnicare of Northern Illinois and ordering petitioners to arbitrate their disputes with that entity may be affirmed on the basis that the parties delegated the question of arbitrability to the arbitrator. The assertions raised by petitioners on appeal purport to involve not the arbitrability of the parties' dispute, but the foundational question of whether any valid, contractual agreement to arbitrate exists *at all* between the relevant parties. It is well understood that "there is no arbitration without a valid contract to arbitrate." *Aste v. Metropolitan Life Insurance Co.*, 312 Ill. App. 3d 972, 975 (2000). When a party opposing arbitration contests that it has entered into a contract with the party seeking to compel arbitration, this presents a threshold question to be resolved by the court. *Arbogast v. Chicago Cubs Baseball Club, LLC*, 2021 IL App (1st) 210526, ¶ 18; *CSC Partners Management, LLC v. ADM Investor Services, Inc.*, 2021 IL App (1st) 210136, ¶ 23. Whether a contract exists is decided according to state law principles of contract formation. *Id*. We turn now to that foundational question, which we find largely dispositive of this appeal.

¶ 14    Here, it is undisputed that in the relevant PSAs, the parties agreed that: "This Agreement shall be binding upon, and inure to the benefit of, the Parties hereto and their respective successors and assigns," and that "[t]his Agreement shall be binding upon the Parties and their respective successors, devisees, legal representatives, executors and administrators." It is also undisputed that this language was included in the PSA entered into between certain of petitioners and Pharmore Drugs, LLC, and that pursuant to a series of transactions in 2017 and 2018, that entity was transferred and merged into a successor Delaware limited liability corporation, *i.e.*, respondent JHC Acquisition LLC, d/b/a Omnicare of Northern Illinois.

¶ 15    Again, when the contractual language is clear, the court must determine the parties' intent solely from the plain language of the contract. *Donahue*, 328 Ill. App. 3d at 164. The contractual language must be given its plain and ordinary meaning. *Id*. Based upon this clear undisputed contractual language and these undisputed facts, we conclude that the circuit court correctly concluded that the relevant PSA is "binding upon and inure[s] to the benefit" of Omnicare of Northern Illinois, as the successor of the original signatory, Pharmore Drugs, LLC. We therefore reject petitioner's argument that Omnicare of Northern Illinois cannot compel arbitration because it was not itself an original signatory of the PSAs.

¶ 16    It is also undisputed that the PSAs all contain an arbitration agreement providing that: "Any dispute or controversy arising under, out of or in connection with, or in relation to this Agreement, or any amendment hereof, or the breach thereof will be determined and settled by arbitration in Cook County, Illinois." The principles for interpreting the scope of an arbitration clause were explained in *Fiala v. Bickford Senior Living Group, LLC*, 2015 IL App (2d) 141160, ¶ 19:

> "It is a fundamental tenet of Illinois law that the parties are bound to arbitrate only those issues they have clearly agreed to arbitrate. *Keeley & Sons, Inc. v. Zurich American Insurance Co*., 409 Ill. App. 3d 515, 520 (2011). Where an arbitration clause is 'generic,' meaning that it is nonspecific in designating the arbitrable issues, the court is required to examine the wording of the arbitration clause along with the other terms of the contract in which the arbitration clause is found. *Id*. at 520-21. A 'generic' arbitration clause is characterized by language providing that all claims arising out of or relating to the contract at issue shall be decided by arbitration. *Id*. at 520. By contrast, where an arbitration clause contains the phrase, 'arising out of the agreement' (or a variation thereof), but fails to also include the phrase, 'or relating to [the agreement]' (or a variation thereof), it is narrower

than a generic clause, and any arbitration should be limited to the specific terms of the contract or agreement containing the arbitration clause."

¶ 17 Thus, the arbitration agreement language contained in the PSAs was of the broad, "generic" type of clause recognized in *Keeley*. Generic arbitration clauses are to be construed broadly, with courts generally concluding that "the parties are obligated to arbitrate *any* dispute that arguably arises under an agreement containing a 'generic' provision." (Emphasis in original.) *Fahlstrom v. Jones*, 2011 IL App (1st) 103318, ¶ 17; see also *Portage Park Capital, LLC v. A.L.L. Masonry Construction Co.*, 2024 IL App (1st) 240344, ¶¶ 17-20. Consistent with this authority, we find that the disputes at issue between petitioners and Omnicare of Northern Illinois fall within this broad arbitration clause and, as noted above, "[w]here there is a valid arbitration agreement and the parties' dispute falls within the scope of that agreement, arbitration is mandatory, and the trial court must compel it." (Internal quotation marks omitted.) *Airoom, LLC*, 2022 IL App (1st) 211001, ¶ 20.

¶ 18 In reaching this conclusion, we reject two additional, specific arguments raised by petitioners on appeal. Petitioners first contend that "Omnicare of Northern Illinois cannot compel arbitration in its capacity of successor by merger to PharMore, because PharMore was never a real party in interest" with respect to the PSAs, because its claims do "not include any allegations of claims that would have belonged to PharMore before it was statutorily merged into Omnicare of Northern Illinois." We find that this argument goes to the merits of the claims made by Omnicare of Northern Illinois. However, as already noted above "[a]n order for arbitration shall not be refused on the ground that the claim in issue lacks merit or *bona fides* or because any fault or grounds for the claim sought to be arbitrated have not been shown." 710 ILCS 5/2(e) (West 2022); *Sanders*, 2022 IL App (1st) 221347, ¶ 29. This argument is one for the arbitrator to address on the

merits in the arbitration proceeding.

¶ 19    Second, petitioners assert that "Omnicare of Northern Illinois still cannot rely on the PSA as reason for arbitrability; the PSAs (and the arbitration provisions contained therein) were repudiated." We need not consider this argument in any detail. As an initial matter, all the PSAs specifically provide that the arbitration agreement therein "will survive expiration or other termination of this Agreement regardless of the causes of such termination." Again, when the contractual language is clear, the court must determine the parties' intent solely from the plain language of the contract. *Donahue*, 328 Ill. App. 3d at 164. Petitioners offer no reason not to enforce this language even assuming any purported repudiation. Thus, the existence of, timing of, and relevance of any possible repudiation of the PSAs will be issues for the arbitrator to determine on considering the merits of the parties' disputes.

¶ 20    Finally, we note that in its opening brief on appeal, petitioners have asked this court to issue a stay of that portion of the circuit court's May 13, 2025, order compelling arbitration of Omnicare of Northern Illinois' claims, pursuant to Illinois Supreme Court Rule 305 (eff. July 1, 2017). We reject this request for several reasons.

¶ 21    As an initial matter, this request is procedurally improper for at least three reasons. First, Rule 305(d) (eff. July 1, 2017) specifically provides that "application for a stay ordinarily must be made in the first instance to the circuit court." Here, while petitioners did file a motion below to stay the order entered February 19, 2025, the order challenged on appeal is the order entered on May 13, 2025. Petitioners never sought a stay of that order below. Second, while Rule 305(d) provides that "[a] motion for a stay may be made to the reviewing court (*id.*)," petitioners made no such motion to this court, but instead simply included a request for a stay in their opening brief. Third, the rule also requests that a motion for stay in the reviewing court "must show that

application to the circuit court is not practical, or that the circuit court has denied an application or has failed to afford the relief that the applicant has requested." *Id*. Here, petitioner's request for a stay makes no effort to comply with this requirement.

¶ 22    In addition, it has been recognized that:

"In making a determination on a stay pursuant to Rule 305(b), there is no specific set of factors that a court must consider. *Stacke v. Bates*, 138 Ill. 2d 295, 304-05 *** 1990). Nevertheless, our supreme court has stated that, to prevail on a motion for a stay, the movant must 'present a substantial case on the merits and show that the balance of the equitable factors weighs in favor of granting the stay.' [Citation.] The equitable factors to consider include 'whether a stay is necessary to secure the fruits of the appeal in the event the movant is successful' and whether hardship on other parties would be imposed. [Citation.] 'If the balance of the equitable factors does not strongly favor [the] movant, then there must be a more substantial showing of a likelihood of success on the merits.' "

*Tirio v. Dalton*, 2019 IL App (2d) 181019, ¶ 65.

¶ 23    Here, considering our rejection of petitioners' appeal on the merits in the discussion above, they cannot present either a substantial (or a more substantial) case on the merits, nor can they show that a stay is necessary to secure the fruits of a successful appeal. *Id*. Indeed, our rejection of the petitioner's appeal on the merits renders their request for a stay moot, as when an "intervening event occurs making it impossible for a reviewing court to grant relief to any party, the case is rendered moot because a ruling on the issue cannot have any practical effect on the controversy." *In re Tekela*, 202 Ill. 2d 282, 292-93 (2002).

¶ 24    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 25    Affirmed.