CASE 58—INDICTMENT—JANUARY 15.

96  373
119  526

# Jellico Coal Mining Company v. Commonwealth.

## APPEAL FROM WHITLEY CIRCUIT COURT.

CRIMINAL LAW—IGNORANCE OF LAW DOES NOT EXCUSE.—The maxim of the criminal law that "ignorance of the law excuses no one," applies alike to all criminal prosecutions, however recently the law which has been violated may have gone into effect. And the Commonwealth, by admitting or agreeing that the offender was ignorant of the law, does not preclude herself from imposing the penalty prescribed for its violation, the presumption that every person knows the law being a conclusive presumption of law.

A corporation doing business after April 5, 1893, the date at which the new corporation law went into effect, without complying with the provision of that law requiring the filing of a statement in the office of the Secretary of State, giving the location of its principal office, etc. (section 531, Kentucky Statutes), can not escape the penalty prescribed for a violation of the statute upon the ground that it was, at the time it committed the offense, ignorant of the existence of the the law, although the Commonwealth may agree that such was the fact.

R. D. HILL FOR APPELLANT.

1. While the presumption that every body knows the law exists in numerous instances and is often spoken of, there is no such general presumption. (Lawson on Presumptive Evidence, pp. 5 and 6; Pattison v. Prior, 18 Ind., 440; Martindale v. Faulkner, 2 C. B., 715.)

   In this case it is *agreed* that appellee had no knowledge of the law and that its want of knowledge was not attributable to its negligence or fault. This overcomes the presumption. (Butler v. Livingston, 15 Ga., 565; Hart v. Roper, 51 Am. Dec, 425)

2 The State can not take advantage of its own wrong in failing to publish its laws. (Pattison v. Prior, 18 Ind., 440; Bigelow on Fraud, 216.)

W. J. HENDRICK, ATTORNEY-GENERAL, AND C. W. LESTER FOR APPELLEE.

   Ignorance of the law can not be pleaded as an excuse for a violation of the criminal or penal laws. (Rex v. Richard Baily, 1 British Crown Cases, p. 1.)

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

This is an appeal by the Jellico Coal Mining Company from a judgment of one hundred dollars rendered against it by the Whitley Circuit Court upon an indictment filed in said court on the 18th of May, 1893, charging that said corporation, though doing business in Kentucky, had not, on the 8th day of May, 1893, nor for some time prior thereto, filed a statement by either its president or secretary, in the office of the Secretary of State at Frankfort, Kentucky, giving the location of its principal office and its agent at said place upon whom service of process might be made.

The chief ground relied upon by said appellant for failing to file such a statement is, that it did not know of the existence of the law requiring same to be so filed.

The law of the State, taking effect April 5th, 1893, as found in section 571 of Kentucky Statutes, under title, Corporations, requires such a statement to be made. This case was submitted to the jury upon an agreed state of fact, whereby it was agreed "that this law on corporations (having been passed long enough to take effect April 5th, 1893) was, by order of the Legislature, printed about April 25th, 1893, and then distributed by the Secretary of State as fast as possible to clerks of county courts, banks, lawyers and corporations, but that no copy was sent to appellant; and further, that said corporation, its agents and employes, were, in fact, ignorant of the existence of such statute until the 24th day of May, 1893, when they were informed of same by their attorney,

R. D. Hill, and that thereupon said defendant imme-
diately, on the 29th day of May, 1893, filed in the
office of Secretary of State at Frankfort the nec-
essary statement that defendant was, at and before
the passage of said law, a corporation created by the
laws of Kentucky, doing business in Whitley county,
Kentucky, where it had an office, and an agent upon
whom process could have been served. It was fur-
ther agreed by the parties that a synopsis of this
corporation law was published by some of the daily
papers in Louisville about the 6th or 7th of April,
1893, and that said paper circulated in Whitley coun-
ty, but was not called to the attention of the de-
fendant.''

Upon this agreed statement of fact the court in-
structed the jury to find for the Commonwealth;
the usual exceptions were taken, and the case brought
up. The counsel for appellant, while conceding the
general doctrine ''that every person is presumed to
know the law,'' yet insists that this is not an abso-
lute, conclusive presumption, but only one that may
be rebutted by evidence, and surely that the Com-
monwealth may agree absolutely and unconditionally,
as she did in this case, that appellant was ignorant
of the law, and thus agree herself out of court.

We can not view the matter in this light. The
maxim slightly changed, and as applicable to all
criminal prosecutions, that ''ignorance of the law
excuses no one,'' is one of the oldest and most val-
uable maxims of criminal procedure; it lies at the
very basis of all successful criminal prosecutions.

It is not so much a presumption of fact, as a fact, as

it is a conclusion or presumption of the law, indispensably necessary to be made by the courts, alike applicable to all criminal prosecutions.    Without it the court would be powerless to maintain any effective and valuable administration of the Criminal Code.    In point of antiquity it dates back to a time whereof the memory of man runneth not to the contrary, and while it may be possible that now and then in isolated cases there may be apparent hardship, yet we are unable to conceive or formulate any modification of the rule whereby appellant in this case can be relieved from the operation of the general principle without utterly destroying same, and such a ruling is not to be thought of.

Let the judgment of the lower court be affirmed.