RENDERED: SEPTEMBER 16, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1122-MR

NGUYEN'S INVESTMENT, LLC                                    APPELLANT

                                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.                          HONORABLE AUDRA J. ECKERLE, JUDGE
                                    ACTION NO. 20-CI-003794

JAWAD ALMAJEDI AND EMAN
ALMAJEDI                                                    APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, McNEILL, AND L. THOMPSON, JUDGES.

ACREE, JUDGE: Appellant appeals the Jefferson Circuit Court's order granting

Appellees' motion to dismiss. We affirm.

On July 2, 2020, Appellant filed a one sentence complaint, which

stated: "The [Appellees] owe the [Appellant] $6,600 for breach of Contract for

Deed and Note, plus late charges." (Record (R.) at 1.) Appellant did not attach the

contract for deed or the promissory note to its complaint.

In 2016, Appellant and Appellees memorialized their agreement by executing a contract for deed and promissory note to convey realty in Louisville. The record shows the purchase price as $227,000.88. Pursuant to the agreement, Appellees did not pay Appellant but were to make monthly payments directly to the IRS to satisfy an outstanding property lien.

The parties eventually closed the transaction on November 27, 2019. Appellees' attorney, Richard Hornung, served as settlement agent. The IRS provided a lien payoff of $131,510.28 if received by the agency before December 9, 2019. That amount is shown on the settlement statement as "Payoff to United States Treasury."

Thinh X. Nguyen, a member of the Appellant, attended the closing without counsel. He informed Hornung that Appellees failed to provide proof they satisfied the IRS lien as required by the promissory note. Appellant claims before closing Hornung said, "Go ahead and close and buyer will provide proof of payment after closing." Appellant relied on this statement and proceeded to close.

Appellant's main concern appears to relate to three monthly payments of $2,200 that were to be made just prior to closing. There is no proof in the record that those payments were not made either before the closing or as part of the $131,510.28 IRS lien payoff. Appellant's brief simply focuses on Appellees'

failure to "provide proof of payment." It appears the complaint was based on that failure, not evidence of an unsatisfied lien.

Fifteen days after Appellant filed the complaint, Appellees moved to dismiss it pursuant to CR[1] 12.02(f). Appellees asserted that Appellant's representative, Mr. Nguyen, was privy to documents from the IRS showing Appellees made payments to satisfy the lien. Appellees included those documents as attachments to their motion. Additionally, Appellees argued the merger doctrine would prevent enforcement of any contracts or covenants prior to closing.

Appellant claims Mr. Nguyen's ignorance of the law regarding the merger doctrine should prevent its application here. Appellant urged the circuit court to consider Hornung's representation that proof of the three $2,200 payments would be provided and his failure to inform Nguyen of the merger doctrine as defrauding Appellant. This fraud theory is not found in even the most generous reading of the complaint.

Shortly before the circuit court ruled on the motion to dismiss, Appellant tendered an "Amended and Supplemental Complaint" that added a single-sentence allegation that Appellees' counsel agreed Appellees would provide

---

[1] Kentucky Rules of Civil Procedure.

-3-

proof of lien satisfaction payments after the closing but failed to inform Appellant that, because of the merger doctrine, such agreement would not be enforceable.

On August 17, 2020, the court dismissed the complaint with prejudice, and separately denied Appellant's motion to amend the complaint.

On appeal, Appellant claims the circuit court committed three errors. First, the circuit court erred when it denied the Appellees' motion to file an amended complaint. Second, the circuit court erred when it dismissed Appellant's complaint. Third, the circuit court erred when it failed to dismiss Appellant's complaint without prejudice.

The standard for reviewing cases that come to the Court in this procedural posture is thoroughly explained in *D.F. Bailey, Inc. v. GRW Engineers, Inc.*, where it states:

> In ruling on a motion to dismiss, the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true. *Mims v. Western-Southern Agency, Inc.*, 226 S.W.3d 833, 835 (Ky. App. 2007). Therefore, "the question is purely a matter of law." *James v. Wilson*, 95 S.W.3d 875, 884 (Ky. App. 2002). Accordingly, the trial court's decision will be reviewed *de novo*. *Revenue Cabinet v. Hubbard*, 37 S.W.3d 717, 719 (Ky. 2000). Further, it is true that in reviewing a motion to dismiss, the trial court is not required to make any factual findings, *Benningfield v. Pettit Environmental, Inc.*, 183 S.W.3d 567, 570 (Ky. App. 2005), and it may properly consider matters outside of the pleadings in making its decision. However, reliance on matters outside the pleadings by the court effectively converts a motion to dismiss into a motion for summary

-4-

judgment. *McCray v. City of Lake Louisvilla*, 332 S.W.2d 837, 840 (Ky. 1960); Kentucky Rules of Civil Procedure (CR) 12.02.

350 S.W.3d 818, 820-21 (Ky. App. 2011).

Before engaging in our review of the merits of the Appellant's argument, we note Appellant fails to comply with the substantial briefing requirement of "a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." CR 76.12(4)(c)(v). "If a party fails to inform the appellate court of where in the record his issue is preserved, the appellate court can treat that issue as unpreserved." *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021). *See Hallis v. Hallis*, 328 S.W.3d 694 (Ky. App. 2010).

Striking arguments in a party's brief challenging an unpreserved error is an option. *Hallis*, 328 S.W.3d at 696 (citing *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)). However, we are also empowered to "review[] unpreserved claims of error" to determine if the circuit court's alleged error "resulted in 'manifest injustice.'" *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006).

None of Appellant's arguments begin with a preservation statement. We would be justified in striking the brief in its entirety. Nevertheless, we will review the merits of Appellant's second argument, challenging the dismissal itself, because we can readily ascertain it was preserved in the circuit court and ignoring

the error is also an option. *Hallis*, 328 S.W.3d at 696. However, it is an option no appellate advocate ever should rely upon this Court exercising. *Martin v. Wallace*, __ S.W.3d __, 2022 WL 3641154, at *2 (Ky. Apr. 28, 2022) (finality Aug. 18, 2022) ("[F]ailing to comply with the civil rules is an unnecessary risk the appellate advocate should not chance.").

Upon review, we find no error in the circuit court's dismissal of Appellant's complaint. That complaint's single sentence states: "The [Appellees] owe the [Appellant] $6,600 for breach of Contract for Deed and Note, plus late charges." The contract and promissory note mentioned preceded the deed executed at closing. These facts implicate the merger doctrine.

The merger doctrine says that "upon delivery and acceptance of a deed the deed extinguishes or supersedes the provisions of the underlying contract for the conveyance of the realty." *Drees Co. v. Osburg*, 144 S.W.3d 831, 832 (Ky. App. 2003) (citing *Borden v. Litchford*, 619 S.W.2d 715 (Ky. App. 1981)). "Thus, the merger doctrine ordinarily extinguishes the provisions of a purchase agreement for the sale of real property upon acceptance of a deed conveying title to said property." *Harrodsburg Indus. Warehousing, Inc. v. MIGS, LLC*, 182 S.W.3d 529, 532 (Ky. App. 2005). In addition to the underlying contract, the merger doctrine operates to merge "all prior statements and agreements, both written and oral," into the executed deed, leaving the parties bound only by the covenants in the deed.

*Yeager v. McLellan*, 177 S.W.3d 807, 809 (Ky. 2005). The merger doctrine "applies to covenants pertaining to title . . . ," *Drees*, 144 S.W.3d at 832, which includes covenants to satisfy liens on property.

Here, the executed deed extinguished the promissory note because the agreement represented by that note preceded execution of the deed. The proof of payments promised in the promissory note pertained to title because, if Appellees satisfied the lien prior to closing, Appellant would be able to present marketable title to the Appellees at closing. Thus, by operation of the merger doctrine, the pre-closing, pre-merger representations were resolved upon execution of the deed.

We recognize that "[o]ne exception to the doctrine of merger states that false and fraudulent misrepresentations do not merge." *Yeager*, 177 S.W.3d at 809 (citing *Dunn v. Tate*, 96 Ky. 373, 268 S.W.2d 925 (1954)). But this exception does not help the Appellant here. Appellant's allegations do not support a showing of fraud which must be pleaded with particularity. CR 9.02. That particularity is not pleaded even when considering the additional sentence urged in Appellant's tendered amended complaint.

Appellant's reliance on ignorance of the law of merger will not avoid its application. As every lawyer knows, "ignorance of the law is no excuse." *Lawson v. Commonwealth*, 425 S.W.3d 912, 916 (2014) (citing *Jellico Coal*

*Mining Co. v. Commonwealth*, 86 Ky. 373, 29 S.W. 26, 27 (1895)).  We are not persuaded that the circuit court erred in dismissing the complaint.

Because we are so authorized, we have reviewed for manifest injustice only the circuit court's denial of Appellant's motion to amend and Appellant's argument that dismissal should have been without prejudice.  Based on the briefs and the record, we see no manifest injustice in affirming the circuit court.

The Jefferson Circuit Court's August 17, 2020 order dismissing Appellant's complaint is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Bert M. Edwards
Louisville, Kentucky

BRIEF FOR APPELLEES:

William A. Merrifield
Louisville, Kentucky